IN THE MATTER OF THE PETITION OF SARAH E. BASSFORD and another, to vacate an assessment for paving Avenue B with Trapblock Pavement, from Houston street to 14th street, in the city of New York.

IN THE MATTER OF THE PETITION OF JOHN MCARTHUR, to vacate an assessment for paving 78th street, &c.

IN THE MATTER OF THE PETITION OF HENRY VOLKENING, to vacate an assessment for paving 64th street, &c.

The statute in relation to assessments for paving streets in the city of New York only requires the resolution of the common council, authorizing such an assessment, to be published once prior to its passage in each board; and that the resolution shall not be passed until at least two days after such publication.

Where the board of aldermen received a communication from the Croton board pointing out defects in a resolution for paving, which the board had adopted; to which communication was appended an amended resolution proposed for adoption in the place of the former resolution; and the same were published by the board, in the usual manner; *Held* that the object of the law being to provide for notice to persons interested, that such a proposition was before the board, that object was as fully attained by publishing the resolution as recommended by the Croton board, as it would have been if offered by a member of the board of aldermen.

APPEALS from orders made at a special term vacating assessments, upon applications under chapter 338 of the laws of 1858.

The facts in the several cases, and the points raised therein, being similar, it is only necessary to state those in the first—upon the petition of Bassford and Harrigan.

In the matter of Bassford.

The application in that case was by petition, which alleged that at the date of the confirmation of the assessment therein mentioned, viz., on the 7th of November, 1871, the petitioners were and still are the owners of the lots hereinafter described. That on that day the said assessment was confirmed by the board of revision and correction of assessments, and an assessment was thereby imposed upon lots known and distinguished therein by the ward numbers, 2810, 2811, 2813, 2810B and 2810C, and that said assessment now constitutes a lien upon said lots, having been duly entered, with date of entry, and date of confirmation, in the record of titles of assessments confirmed, kept in the offices of the street commissioner and clerk of arrears. The petitioners further alleged that said assessment was irregular and void, for the following reasons :

1. That it had never been confirmed by the common council of the city of New York.

2. Because the resolution and ordinance, authorizing the work, and in pursuance of which the work was done, and said assessment laid, were not, nor was either of them, published, as required by the seventh and thirty-seventh sections of the amended charter of 1857, nor was the report of the committee, recommending the improvement, authorized by the passage of said resolution so published.

Wherefore, the petitioners prayed that said assessment might be vacated, and the lien or liens created thereby, or by any subsequent proceeding, canceled and discharged, so far as the same affect said lots, and that the commissioner of public works, collector of assessments, comptroller of the city of New York and clerk of arrears, be each directed to cancel and discharge said assessment and said lien or liens upon the records of their respective offices, so far as the same affect the lots aforesaid.

In support of said petition the petitioners proved before the special term, that on the 7th of November, 1871, they

In the matter of Bassford.

were the owners of the property designated in said peti-
tion, and had ever since continued to be owners in pos-
session thereof. The petitioners then produced in evidence
the assessment list of said improvement, whereby it ap-
peared that said assessment was confirmed by the board
of revision and correction of assessments on the 7th day
of November, 1870, and afterward duly entered in the
record of assessments confirmed. That an assessment was
thereby imposed upon said lots and against the petitioners
as owners thereof, for a portion of the expense of said
improvement. The petitioners then introduced in evi-
dence the proceedings of the common council, relative to
such improvement, as follows: The minutes of the board
of aldermen showed that on the 15th of February, 1868,
the following resolution was introduced by Alderman
Repper:

"Resolved, That Avenue B, from Houston to Four-
teenth street, be paved with Belgian pavement, (except
that portion of said avenue included within the railroad
tracks,) and that crosswalks be laid or relaid, under the
direction of the Croton Aqueduct Department; and that
the accompanying ordinance therefor be adopted."

Which was laid over. On the 18th of February, 1868,
Alderman Repper called up the resolution, and the same
was adopted by a vote of three-fourths of the members.
And the same was directed to be sent to the board of
councilmen for concurrence.

On the 19th of November, 1868, the following com-
munication was received from the Croton Aqueduct De-
partment in relation to the laying of crosswalks in streets
to be paved with Belgian pavement:

"CROTON AQUEDUCT DEPARTMENT,
New York, November 14th, 1868.

To the honorable the common council of the city of
New York:—Gentlemen: The Croton aqueduct board
respectfully acknowledge the receipt from your honorable

body of certain ordinances for the construction of Belgian or stone block pavements, in which no provision is made for the laying or relaying of the crosswalks in connection therewith.

It is, in the opinion of the counsel to the corporation, imperatively necessary to embody in the ordinances, authority to do all the work which may be required in the matter of the crosswalks, to obviate questions as to the validity of assessments to be laid therefor.

For this reason this board respectfully recommends that the ordinances be severally amended, by inserting a provision for the laying and relaying of the crosswalks in connection with the proposed new pavements, a resolution for this purpose being herewith respectfully submitted for your consideration.

Very respectfully, your obedient servants,<br>
THOS. STEPHENS,<br>
ROB'T L. DARRAGH,<br>
GEORGE S. GREENE,<br>
Croton Aqueduct Board."

At the foot of which was the following resolution:

"Resolved, That the ordinance heretofore passed by the common council for the construction of Belgian or trap block pavement in the following localities:   *   *   *   *   *   *   *   *   Avenue B, from Houston to Fourteenth street, be, and they are hereby severally and respectively amended, by inserting therein the words following, to wit: 'And that at the several intersecting streets and avenues, crosswalks be laid where not now laid, and relaid where those now laid are, in the opinion of the Croton board, not in good repair, or not upon a grade adapted to the grade of the proposed new pavement,' and said several ordinances, as thus amended, be, and they are hereby respectively re-adopted."

Which was laid over. On the 3d of December, 1868, the above communication from the Croton Aqueduct De-

partment, with the resolution appended, was adopted by a vote of three-fourths of all the members elected, in favor thereof, and the same was ordered to be sent to the board of councilmen for concurrence. On the 29th of December, 1869, the resolution of the board of aldermen was adopted by the board of councilmen, by a three-fourths vote; and the same was directed to be sent to his honor the mayor for approval.

The petitioners then read in evidence the letter of the comptroller, dated July 6, 1867, designating, amongst other papers, the New York Leader, to publish proceedings of the common council pursuant to chapter 586, laws of 1867, and the letter signed by the mayor and comptroller, dated December 1, 1868, designating the same paper to make such publication pursuant to chapter 853, laws of 1868. The petitioners then proved that the following publication had been made in said newspaper in relation to said work, viz: 1st. In the issue of October 17, 1868, was published the proceedings of the board of councilmen of October 8, 1868, reciting resolution in full, and that the same was laid over. 2d. In the newspaper published November 21, 1868, was published the proceedings of the board of councilmen of November 9, reciting the resolution in full, and that the same was adopted, with the names of the persons voting in favor of and against the same. 3d. In the newspaper of November 28 was published the proceedings of the board of aldermen of November 19, reciting the reception of communication from the Croton Aqueduct Department, with proposed amended resolution, and that the same was laid over; said communication and resolution being published in full. 4th. In said newspaper, on December 12, 1868, was published the proceedings of the board of aldermen of December 3d, reciting said amended resolution in full, and that the same was adopted, with the vote thereon, and the names of persons voting for and against the same. 5th. In said news-

paper of December 19, 1868, the proceedings of the board of councilmen of December 7 were published, reciting the amended resolution in full, and that the same was laid over. 6th. In said newspaper of December 19, the proceedings of said board of councilmen of December 10 were published, reciting said amended resolution in full, and that the same was laid over. 7th. In said newspaper of December 26, 1868, is published the proceedings of the board of aldermen of December 12, 1868, showing the reception of the amended resolution from the board of councilmen.

Upon the foregoing proof, on motion of the petitioners, an order was made by the special term, Hon. A. CAR-DOZO, J., on the 30th of December, 1871, vacating said assessment so far as the same affects the property of said petitioners.

From the order so entered, the mayor &c. appealed to this court.

*Richard 'O'Gorman*, for the appellants.

*Charles E. Miller*, for the respondents.

*By the Court*, INGRAHAM, P. J. In the case of *Douglass*, it was held, in this court, that one publication, two days before the passage of the resolution, was sufficient. That case, I understand, was reversed on the ground that there was no sufficient publication before the passage of the resolution in each board. I am still of the opinion that the statute only requires the notice to be published once; and that the resolution shall not be passed until two days after such notice. The statute says the resolution &c. shall not be passed or adopted until after such notice has been published at least two days. Judge Andrews, in the case of *Douglass*, says: "The design was to apprise the tax-payers, in the manner pointed out in the statute, of

In the matter of Bassford.

any contemplated improvement, that by remonstrance or suggestion the same might be modified or prevented."

It is reasonable to suppose that such notice would be more available by waiting two days after its publication, than by requiring two publications within twenty-four hours previous to the time of acting. There was nothing in the *Douglass* case that decided this question, and I see no reason for changing the views expressed on this point.

All laws requiring a party to have a given number of days' notice, have been construed to mean one notice served so many days before the act can be done. Thus, the notice of time to plead used to be a notice of twenty days. Notice of trial is a notice of fourteen days; and so in regard to all other notices served on the opposite party.

The notice of sale by sheriffs, and other notices to be published, are generally directed to be published once a week, or oftener by special direction.

In addition to what has been said as to all the above entitled cases, we think that the publication of the resolution as sent to the board of aldermen, in the communication of the Croton board, in the *Matter of Bassford*, was a sufficient compliance with the statute.

The object of the law was to provide notice, to persons interested, that such a proposition was pending before the board. That object was as fully attained by publishing the resolution as recommended by the Croton board, as it would have been if offered by a member of the board of aldermen. Either would give notice of the pendency of the resolution before the board; and that is all that the law requires.

I think these orders should be reversed.

Orders reversed.

[First Department, General Term, at New York, June 3, 1872. *Ingraham, Leonard* and *Gilbert*, Justices.]