## CHARLES E. BARTLETT *v.* THE HAWAIIAN CAR-
## RIAGE MANUFACTURING COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 8, 1901.          DECIDED MARCH 7, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action for damages for he wrongful discharge of the plaintiff
from employment, th. burden is on the defendant to show, by way
of mitigation of damages, lack of due diligence on the part of the
plaintiff in seeking for other employment during the unexpired
term of the contract.

Upon the undisputed evidence, a verdict held to be excessive.

A remittitur may be filed as wel in the appellate court during the
pendency of the appeal as in the trial court.

A remittitur will not be permitted to avoid the granting of a new trial
where, by so doing, the court may be substituting its judgment for
that of the jury on questions of fact arising upon the evidence.

OPINION OF THE COURT BY PERRY, J.

Plaintiff brought an action in the Circuit Court of the First
Circuit, wherein he alleged that the defendant entered into an
agreement with himself whereby plaintiff was to work in a stated
employment for defendant in this city for the term of one year
commencing with the third day of April, 1899, at an agreed rate
of compensation, and that the defendant, on the sixth day of
May, A. D. 1899, wrongfully discharged him from his employ.
The claim in the declaration was for the sum of one thousand
dollars for damages sustained in consequence of said alleged
wrongful discharge. The case was tried before a jury and a
verdict rendered in favor of the plaintiff for the sum of six hun-
dred dollars. A motion for a new trial was made and overruled.

The case comes to this court on three exceptions: (1) to that portion of the charge of the presiding judge wherein the jury was instructed that "the burden of proof is on the defendant corporation to show that the plantiff might have obtained other employment in order to reduce the damages if the plantiff is entitled to recover"; (2) to the verdict, on the ground that it was contrary to the law and to the evidence and to the weight of the evidence; and (3) to the overruling of the motion for a new trial, which motion was based on the second ground above stated and on the further ground that the damages awarded in the verdict are excessive.

The trial court, in addition to giving the instruction excepted to, charged the jury that if they found that the plaintiff was entitled to recover, the measure of damages would be the amount of the wages at the rate specified in the agreement from the date of the discharge to the end of the agreed time of service, less the total amount which the plaintiff earned or by the use of reasonable effort and diligence could have earned during that period; also that "the plaintiff was bound to use all reasonable means and efforts to find other employment during the unexpired term covered by the agreement so as to avoid unnecessary damages to himself by reason of such discharge."

We are of the opinion that the charge as a whole correctly stated the law on the subject under consideration. While it was the duty of the plantiff to use due diligence in searching for other employment in order to avoid unnecessary damage, the presumption in this case, as between himself and the defendant which had wrongfully discharged him from its employ, was that he had used due diligence and not that he had been guilty of negligence. The burden was on the defendant, if it contended in mitigation of damages that there was negligence on his part resulting in the failure to obtain employment which could otherwise have been obtained, to prove such negligence. That was an affirmative defense and the elementary rule in such cases places the burden of sustaining it on the party alleging it. See *Barker v. Knickerbocker Life Ins. Co.,* 24 Wis. 636; *King v. Steiren,* 44 Pa. St. 105; *Costigan v. Ry. Co.,* 2 Denio 615, 616; *Gillis*

*v. Space,* 63 Barb. 161; 2 Sutherland Damages 473, 474; 2 Grnlf. Ev., Section 261 (a).

There was evidence sufficient to sustain a finding that the .. reement of hiring was entered into and that the defendant had wrongfully discharged the plaintiff,—sufficient, therefore, to sustain a verdict in favor of the plantiff for damages in some amount. The sum of six hundred dollars named in the verdict, however, was clearly excessive. It is agreed by counsel that the evidence showed that the amount of wages under the stipulations of the agreement for the unexpired portion of its term was $1269. and that the total of what the plaintiff earned in other employments during that period was $856. The maximum, then, which the jury could properly have awarded the plantiff, assuming that they found that he had used due diligence in searching for other employment, was the sum of $413. The plantiff's counsel now recognize that the verdict as returned cannot be sustained, and ask leave to file a remittitur for the excess of $187.00.

Defendant objects to the filing of the remittitur, on the ground that it is too late to do so now. We think that the objection is not well founded and that a remittitur may be filed as well in the appellate court during the pendency of the appeal as in the trial court. *Hansen v. Boyd,* 161 U. S. 411. The leave asked for is granted.

Is the filing of such remittitur sufficient to avoid the granting of a new trial? We think not. The evidence adduced was such as would sustain a finding by the jury that the plaintiff had not used due diligence in endeavoring to find employment elsewhere and a disallowance of the sum of $88. hereinafter referred to for money which he might have earned by the exercise of such diligence. Evidence was introduced by the plaintiff without objection tending to show that the plaintiff had expended the sum of $25.00 for steamer fare in coming to Honolulu to enter upon the performance of the contract, $100.00 in a trip to San Francisco and return in search of employment, and the further sum of

$150. for two and one-half months at $60.00 a month living expenses in Honolulu while out of employment.

The trial court in its charge, while not specifically referring to these three items, proceeded on the theory, and in effect instructed the jury, that they were not proper elements of damage and should not be included in the verdict; and this, for the purposes of these exceptions, must be considered as the law of the case. The only possible explanation of the excess in the verdict is that the jury included in the award either the whole or a portion of the $275. just referred to; but whether they included only $187. of that sum and found that the plaintiff had used due diligence, or included the whole $275. and then deducted $88. from the total for money which the plantiff might have earned,—finding a lack of due diligence—we are unable to ascertain. Either course was possible on the evidence. If we should permit a remittitur for $187. to result in the overruling of the exceptions, we would, in effect, be declaring that the jury found or should have found that the plantiff did use due diligence and that they awarded only $187. of the illegal items,—in other words, we might be substituting our judgment for that of the jury. Under these circumstances, the error can not be cured by a remittitur for that amount.

A new trial will be ordered unless the plantiff remits the further sum of $88., which, if he does so, will eliminate from the verdict all possible allowance of any portion of the illegal items of $275.

*W. O. Smith* and *R. D. Mead* for plaintiff.

*Kinney, Ballou & McClanahan* for defendant.