WILLIAM W. BIERCE, LIMITED, *v.* WILLIAM WATERHOUSE AND ALBERT WATERHOUSE, EXECUTORS UNDER THE WILL AND OF THE ESTATE OF HENRY WATERHOUSE, DECEASED.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 30, 1909.            DECIDED NOVEMBER 6, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

APPEAL AND ERROR—*dismissal of writ.*

On exceptions by defendants, judgment for defendants non obstante veredicto was ordered. After entry in the lower court of the judgment non obstante plaintiff obtained a writ of error to review it. Held, that under these circumstances the writ should not be dismissed.

ID.—*questions previously decided on exceptions.*

> A change in the personnel of the court does not of itself justify
> re-examination of a subsequent writ of error of questions already
> decided on exceptions in the same case,—assuming that the court
> has the power to do so.

### OPINION OF THE COURT BY PERRY, J.

This case was before us in April, 1909, on a bill of exceptions
brought by the defendants. 19 Haw. 398. A full statement
of the case will be found in our former opinion. The con-
clusion of that opinion and the order there contained was, "the
exception to the overruling of defendants' motion for judgment
non obstante verdicto in so far as it is based upon their dis-
charge from liability by the plaintiff's amendments of value
is sustained. The remaining grounds of the motion and the
remaining exceptions not necessarily involved are not passed
upon." A petition for re-hearing was filed and denied. Pur-
suing the ordinary practice, a communication was thereupon
sent by the clerk to the court appealed from, notifying that
tribunal of the conclusion thus reached by this court but con-
taining no express order as to future proceedings. Subse-
quently the circuit court entered judgment for the defendants
non obstante veredicto and for $1097.22 statutory attorneys'
fees and costs. Plaintiff thereupon took out a writ of error
from this court assigning as error the entry of the judgment
non obstante. Defendants move to dismiss this writ on the
grounds (a) that the record upon the writ does not present the
record upon which the former decision of this court was based
but only parts of the same, and (b) that the writ brings up no
proceedings subsequent to the former decision of this court
other than those had in exact accordance with such decision.

After the filing of the motion to dismiss plaintiff moved
for a writ of certiorari commanding the lower court to certify
to this court as a part of the record upon the writ of error the

former bill of exceptions and certain other documents the omission of which is referred to as one of the grounds of the motion to dismiss. Some of these documents had been returned to the circuit court from this court after the former decision and others are still in this court. The statute, R. L. Sec. 1873, itself makes the bill of exceptions and the other documents a part of the record on this writ of error and it is in the interest of a correct determination of the cause in the supreme court of the United States, even if not necessary on this writ in this court, that the record should be complete. It was therefore ordered upon the presentation of the motion for the writ of certiorari that all documents in the case still in this court be transferred to and made a part of the record upon this writ and that the circuit court be directed to certify the remaining documents.

As to the motion to dismiss. The judgment non obstante was not specifically ordered by this court although it was a necessary result of our former opinion. It was the judgment of the circuit court in form and in fact although it was in precise accordance with our views and conclusion, but whether it was entered in accordance with our former opinion is something which cannot be determined without entertaining the present writ and thereunder examining the record brought up by it of the proceedings had in the lower court. It is a contradiction in terms to say that we find that the proceedings had were in compliance with our former conclusion and at the same time to say that the party is not entitled to the writ and that the latter must be dismissed. A dismissal is something which happens in limine and without a consideration of the merits. Even those courts which hold that a dismissal is the proper course rather than an affirmance of the judgment below entertain jurisdiction under the writ and reverse the action taken below if they find that it was not in accordance with the

former mandate. See, for example, *Stewart* v. *Salamon,* 97 U. S. 361, 362; *Railroad* v. *Anderson,* 149 U. S. 237, 242; *Cook* v. *Burnley,* 11 Wall. 672, 674; *Browder* v. *M'Arthur,* 7 Wheat. 58; *Roberts* v. *Cooper,* 20 Haw. 467, 481; *Supervisors* v. *Kennicott,* 94 U. S. 498; 499; *The "Lady Pike,"* 96 U. S. 461, 462. The correct procedure, on reason, would seem to be to entertain jurisdiction and either affirm or reverse the judgment appealed from. What questions are open to re-examination on such a writ is another matter. The mere fact, if such be the course adopted, that upon such a writ no re-examination is had upon issues arising prior to the entry of judgment and disposed of on a first appeal will effectively discourage an abuse of process in the taking of second or third appeals.

That this is the better rule appears even more clearly when we consider the class of cases where the circumstances are as they are in the case at bar. By the act of March 3, 1905 (33 Stat. at Large, p. 1035), it was enacted that "writs of error and appeals may also be taken from the supreme court of the Territory of Hawaii to the supreme court of the United States *in all cases* where the amount involved, exclusive of costs, exceeds the sum or value of $5000." Congress clearly contemplated that appeals should lie *in all cases,* within the prescribed monetary limit, in which by a decision final in Hawaii the supreme court of Hawaii should determine the law, or in which, being within its jurisdiction, it should be asked to so determine the law. A decision by this court, such as was rendered in the case at bar, upon questions arising under a bill of exceptions is not final and appealable within the meaning of the act of 1905. This has been definitely determined by the supreme court of the United States. *Cotton* v. *Hawaii,* 211 U. S. 162, 170, 174, 175; *Hutchins* v. *Bierce,* 211 U. S. 429; *Spreckels* v. *Brown,* 212 U. S. 208. It cannot be said in this case that the plaintiff has waived its right to place itself in a

position to enable it to appeal to the supreme court of the United States, for the former bill of exceptions was not brought by it but by its opponent. The plaintiff at that time was not aggrieved. The judgment of the lower court stood in its favor. It was aggrieved by our decision on the exceptions but had no right of appeal therefrom. Now for the first time the judgment of the circuit court stands against it. To hold that a writ of error lies to review the judgment non obstante, however narrow the reviewable issues may be in *this* court, is to further the intent of congress as expressed in the act of 1905, while to hold the opposite is to nullify the provisions of that act and to deprive parties of the right to a review in the supreme court of the United States in a large class of cases, without any waiver and purely in consequence of the act of an opponent in choosing his method of review in the supreme court of Hawaii. At best it is a choice in a matter of mere procedure. That method is to be preferred which carries into effect the act of congress. While it is true that this court should neither accelerate nor retard appeals from its decisions, it should nevertheless so act as not to deprive parties by its own act or permit them to be deprived by the act of an opponent of a right of appeal secured to them by congressional legislation.

It is true that in a number of cases the supreme court of the United States has adopted the procedure of dismissing second appeals and writs when they are simply taken from judgments and decrees entered in conformity with an earlier mandate of the appellate court, and other courts likewise have so held. In none of those cases, however, was the first adjudication by a court of intermediate appeal and non-appealable to a court of last resort and therein lies an important distinction and one which requires the adoption of a rule contrary to that followed by the supreme court of the United States. But even in the latter tribunal instances are not wanting where the

judgment appealed from has been affirmed and the. appeal or writ not dismissed. See, for example, *Supervisors* v. *Kennicott,* supra; *The "Lady Pike,"* supra; *Washington* v. *Stewart,* 3 How. 413, 425, 426. See also *Lathrop* v. *Knapp,* 37 Wis. 307; *Fire Department* v. *Tuttle,* 50 Wis. 552.

Again, our statute on writs of error, R. L. Sec. 1869, contemplates that writs shall be allowed to any and all judgments of the circuit court, and while in this instance that court may have felt under compulsion to enter a judgment non obstante the latter was, nevertheless, its judgment. The plaintiff is entitled, as of right, to the issuance of the writ.

In *Kealoha* v. *Castle,* 17 Haw. 415. on a writ of error raising no questions other than those already decided upon reserved questions this court affirmed the decree appealed from, and the supreme court of the United States, affirming on the merits our decree, said nothing by way of disapproval of the practice. In *Notley* v. *Brown,* 17. Haw. 455, relied upon by the defendants, the case first came to this court on a bill of exceptions. The exceptions were overruled. Subsequently the same appellant brought a writ of error, in the same case, assigning as error the same matters decided on the exceptions and also certain proceedings had in the trial court after the remanding order and in conformity with it. The writ was dismissed. The majority is of the opinion that that case is distinguishable from this in that there the same party attempted to review the same questions a second time in the same case, in substantial conflict with the rule of election laid down in *Ferreira* v. *Rapid Transit Co.,* 16 Haw. 406, while here plaintiff for the first time is attempting to have reviewed a certain question which the statute gives him a right to do and which cannot be denied by this court.

As to how far, if at all, an appellate court is at liberty on a second appeal from a judgment entered in pursuance of its

mandate on a first appeal to re-examine on the merits the questions already considered and decided courts are divided. The great majority, including the supreme court of the United States, take the view that a second appeal or writ brings up for review only the proceedings had in the lower court subsequent to the earlier mandate of the appellate court, and that on such appeal no re-examination may be had of matters occurring prior to the entry of such decree. The law as declared upon the first appeal is said to be "the law of the case" binding upon the appellate court which declared it as well as upon the inferior court. This view is based, sometimes upon the consideration ut sit finis litium, the argument being that if parties are to be permitted to take out appeals to secure a review of law once decided there never can be a certain end to the litigation, and sometimes on the theory that it is not within the power of the appellate tribunal to review its own decisions even though it be within its power to review the decisions of lower tribunals, —that the law creating the appellate court gives it the power last mentioned but not the first. Sometimes, again, it is based on the doctrine of res judicata. These reasons appear to other courts not to be entirely satisfactory. It is well, indeed, say the latter, that there should be an end to litigation, but far better that occasionally that end be somewhat delayed than that a manifest error should be perpetuated. Concerning the alleged lack of power, it is similarly said that the real question which arises on the second writ is, "Is the judgment appealed from correct in law?" and the correct view that, if it is not, the appellate court, still considering the same case, still having before it the same parties and no final adjudication or execution having yet been rendered or issued, has the power to correct its error. Continuing, the weakness of the attempt to regard the former ruling as res judicata is said to lie in the fact that it is not a final judgment and that it is elementary that that doc-

trine is always predicated upon final judgments between the parties. On the other hand it can be said, in favor of the majority rule, that nothing substantial can be gained in the securing of right and justice by permitting a second or a third reopening of an argument instead of regarding the matter as closed after the first opinion with the usual right to a rehearing under the rules of court,—that it is as human to err on a second appeal as it is to err on a first appeal.

A minority of the state courts take the view that, while ordinarily an opinion once declared concerning the law should be thereafter adhered to by the appellate as well as other tribunals, still the rule is not an inflexible one and may be departed from where the prior opinion is manifestly erroneous. *Hastings v. Foxworthy,* 34 L. R. A. 321 (Neb.) contains the best considered opinion to this effect. The other states adopting this view are Missouri, Utah and Texas and, in some of their decisions, Connecticut, New York and Ohio. Which is the better doctrine need not, in the opinion of the majority, be determined in this case, the minority being of the opinion that the power of re-examination exists and that the point is necessarily involved. If the question decided on the bill of exceptions is not now open for re-examination, the judgment below must be affirmed. If, on the other hand, it is within our power to re-examine, the same result is reached. The matter was on the first appeal very carefully considered, after able and exhaustive presentation by counsel. No new argument on the merits is now advanced. It is not contended that any controlling decisions or principles were overlooked. The court is simply asked to study the issue anew, on practically the same briefs (no oral argument is presented) and to endeavor to come to the opposite conclusion. The only substantial hope of a reversal lies in the fact that since the former opinion was rendered, the personnel of the court has changed. This of itself is not sufficient to

justify a re-examination. That degree of certainty which is desirable in the law forbids that a matter once adjudicated be re-opened for such a reason as this.

The motion to dismiss the writ is denied and the judgment *non obstante* is affirmed.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief) for plaintiff.

*A. Lewis Jr.* (*Smith & Lewis, J. W. Cathcart* and *Castle & Withington* on the brief) for defendants.