CLINTON B. RIPLEY AND LOUIS E. DAVIS, COPART-
NERS DOING BUSINESS UNDER THE FIRM
NAME OF RIPLEY AND DAVIS, *v.* KAPIOLANI
ESTATE, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 7, 1914.                    DECIDED APRIL 22, 1914.

ROBERTSON, C. J., QUARLES, J., AND CIRCUIT JUDGE DICKEY,
IN PLACE OF WATSON, J.

APPEAL AND ERROR— *witness—unanswered question.*

An exception should not be predicated upon a question pro-
pounded to a witness and objected to, when for any reason the
question is not answered, the adverse party not being prejudiced.

CORPORATIONS—*agency—evidence.*

Agency, on behalf of one acting for a corporation may be estab-
lished by proof of facts, and by circumstances; and, evidence show-
ing that one asserted to be an agent for a corporation has attended
to its ordinary business prior and up to the time of the act or acts
involved, and performed other and similar acts for the corpora-
tion, is admissible as tending to show the relation of principal and
agent between the corporation and such person.

EVIDENCE—*signature to written orders.*

Oral evidence is not admissible to prove who signed written
orders where no grounds for secondary evidence have been laid,
and it is not shown that it is not within the power of the party to
produce such written orders.

APPEAL AND ERROR—*inadmissible evidence—harmless error.*

Where secondary evidence is improperly admitted, and there is
other evidence proving the fact sought to be established by such
inadmissible evidence, an exception thereto will not be sustained,
the error being harmless.

SAME—*pleading and practice—verdict.*

Where the complaint contains two counts, one seeking to recover
for services upon a special contract, the other upon a *quantum
meruit,* and it is apparent from the record, especially from the
instructions, that the jury found, without evidence to support the
verdict, upon the first count, the verdict will be set aside, although

the jury might have found for plaintiff under the second count, especially, as in this case, when unauthorized interest is included in the verdict.

OPINION OF THE COURT BY QUARLES, J.

The plaintiffs sued in assumpsit to recover for services as architects the sum of $1080. The complaint contained two counts. In the first count plaintiffs declare upon a special contract, alleging that defendant promised and agreed to pay to plaintiffs for such services the sum of $1080, when thereafter requested so to do. In the second count plaintiffs seek to recover upon a *quantum meruit* for services rendered to defendant at its special instance and request of the reasonable value of $1080, in which sum, judgment was demanded. The defendant filed a general denial. The cause was tried before the court and a jury, and a verdict rendered in favor of the plaintiffs for the sum of $1080, with interest from May 1st, 1912, amounting to $152. , for which, with costs, judgment was entered. The defendant moved for a new trial which was denied, and brings its exceptions, eighteen in number, to this court.

Under the view which we have taken of this case, it will not be necessary to consider each of the exceptions specially, except the last two. At least two of the exceptions are predicated upon the action of the trial court in overruling objections of the defendant to questions asked witnesses by plaintiffs, but which questions were not answered. A question asked a witness, and not answered, should not be made the basis of an exception. A number of the exceptions are predicated upon the admission of evidence tending to show that John F. Colburn, whom the plaintiffs claimed made, as agent for the defendant, the agreement under which the services alleged in the complaint were rendered, had for years prior to the rendition of the said services, been a director and treasurer of the defendant corporation, and had during such time managed the business of the defendant, bought material for it and used it in the construction of buildings, and

repair and alteration of buildings owned by it. We think the admission of such evidence was proper as tending to show the relation of principal and agent between the defendant and the said Colburn. One of the exceptions challenges the correctness of the trial court in permitting a question to one of the witnesses to the effect that no written order for material received by the employer of the witness from the defendant was signed by any person other than the said Colburn, on the ground that the question called for secondary evidence and violated the rule as to the best evidence. There was no showing that the written orders were not available, or could not be produced, and under established rules, the contents of the orders, including the signatures attached thereto, should be proven by the orders themselves, if available. The error in this respect, we think was harmless, as, under the evidence, as we view it, there was sufficient evidence to justify the jury in finding that said Colburn was the agent of the defendant in the matter in question. We think that none of the first sixteen exceptions should be sustained.

The seventeenth and eighteenth exceptions are based upon the grounds that the verdict and judgment are contrary to law, and unsupported by the evidence in the case, and that the court erred in not granting a new trial. We have carefully examined the evidence in the case, covering nearly two hundred typewritten pages, and find no evidence in it which would justify the jury in finding that the plaintiffs and defendant made the special contract declared upon in the first count of the complaint. We think, however, that there was sufficient evidence, although the evidence was conflicting, to support a finding under the second count. The evidence for the plaintiffs tends to show that Colburn is the active director for the defendant, its treasurer, and has been for the last fifteen years; that for many years he has attended to its ordinary business matters, buying building material for it, collecting rents for it, looking after construction and repair work for it, arranging loans, etc.; that about the first of February Colburn and Ripley, one of the plaintiffs, met

at the office of the defendant in the Kapiolani building, and Colburn said that they contemplated the addition of another or third story to said building, and wanted to have a sketch made which would show how it would look, and asked what the charge would be for such sketch, and was told by Ripley that there would be no charge if nothing further was done; that Colburn said he preferred to fix a price for the sketch, whereupon Ripley testifies that he said: "If you want a price for the sketch, we will put the figure at fifty dollars, and if you go on with the work, and complete plans are made, we will be your architects at the regular rates for architects' services," and that Colburn agreed to that; that plaintiffs worked several days upon the sketch and delivered it; that Colburn said he wanted to show it to the Prince (president of defendant) and that about two weeks after he met Colburn who told him that he had shown the sketch to the Prince and that they would go on; that thereupon plaintiffs worked several men taking measurements, figuring the strain upon the walls, making complete plans and specifications for the addition of the said story to said building, and finally completed the plans and specifications and delivered them to Colburn on or about the 30th day of April, 1912. There was some evidence by Mr. Kerr, an architect, and others, tending to show that the charge made by plaintiffs for the services rendered was reasonable, or too low, if anything, and the jury could have found under the second count that the services were rendered for the defendant by the plaintiffs, at the instance and request of the defendant, and that the same were reasonably worth the amount sued for by the plaintiffs.

The court, at the instance of the defendant, instructed the jury in regard to interest upon plaintiffs' claim, in the event a verdict was found for plaintiffs, as follows:

"In the event that the jury find for the plaintiffs upon the second count, no allowance of interest should be made for any time prior to the 7th day of November, 1912."

Notwithstanding this instruction, and in spite of it, the jury

found interest in favor of the plaintiffs from May 1st, 1912, the time of the delivery of the plans and specifications by plaintiffs to Mr. Colburn for the defendant. Under the record we can come to no other conclusion than that the jury found for the plaintiffs under the first count, and without evidence to support the verdict. We cannot presume that the jury deliberately, or otherwise, violated the instructions given by the court; hence, we must conclude, that they failed to find for the plaintiffs under the second count on a *quantum meruit*. The verdict is not only contrary to the law as given the jury by the court, but without evidence to support it, if, as we conclude it to be, it was found under the first count. Where the complaint contains two counts, one seeking to recover for services upon a special contract, the other upon a *quantum meruit* for the same services, and it is apparent from the record and especially from the instructions of the court, that the jury found upon the first count, without evidence to support the verdict, on appeal the verdict and judgment will be ordered set aside and a new trial granted, although there is evidence in the record to support a finding under the second count, especially, as in the case at bar, when a considerable sum of unauthorized interest has been allowed by the jury.

The case seems to have been tried by counsel for the plaintiffs upon the theory that the special promise to pay a fixed amount might be established by proof showing that the promise was to pay architects' rates for such work, and that there is an established rate for such charges in Hawaii, and therefore, that the promise alleged to pay a fixed amount was proven by showing a fixed schedule for such charges in Hawaii, and that such charges made the promise, by reference, definite. The evidence does not sustain such theory, as no two of the architects who testified as expert witnesses, agreed as to the alleged schedule, or any established charge for such services.

For the reasons stated, we cannot uphold the verdict. Nor can we amend it to make it comply with our view of the law and

evidence in this case, as that would be tantamount to this court finding the verdict, something which we do not feel authorized to do. See *Bartlett* v. *Hawaiian Carriage Co.*, 13 Haw. 311.

The seventeenth and eighteenth exceptions are sustained, and the cause remanded to the circuit court with instructions to set aside the verdict and judgment, grant a new trial, and for further proceedings consistent with the views herein expressed.

*W. B. Lymer* (*Thompson, Wilder, Milverton & Lymer* on the brief) for plaintiffs.

*C. W. Ashford* for defendant.