# WALTER E. WALL *v.* HERMAN FOCKE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED AUGUST 31, 1914.                    DECIDED SEPTEMBER 5, 1914.

ROBERTSON, C.J., AND CIRCUIT JUDGES ASHFORD AND ROBINSON IN PLACE OF WATSON AND QUARLES, JJ.

COURTS—*stare decisis—law of the case.*

The doctrine of the law of the case does not apply to facts found by a trial court so as to preclude it, upon a second trial of a case, from finding the facts differently though the evidence be substantially the same.

NEW TRIAL—*hearing de novo—findings of fact.*

Where, in a case tried jury waived, the judgment has been set aside and a new trial ordered, the issues not being expressly restricted, the case is restored to the condition it was in before a trial was had, and the whole case is open for hearing and determination as though it had never been tried.

EVIDENCE—*admissions—opinions.*

A mere opinion or conclusion, as distinguished from a statement of fact, may not be proved under the rules relating to admissions and declarations. The opinion of an agent based upon a past occurrence is not provable as the admission of his principal, nor as a contemporaneous construction affecting the liability of his principal under a contract with another, nor as the basis of an estoppel against his principal.

CONTRACTS—*express—implied—evidence.*

The only distinction between an express contract and an implied contract lies in the mode of proof; there is none in the nature of the understanding. The one is to be proven by direct evidence of its terms, while the other is to be shown by indirect evidence, being an implication reasonably drawn from all the circumstances and relations of the parties.

OPINION OF THE COURT BY ROBERTSON, C. J.

The nature of this controversy, some of the main facts of the case, and the proceedings previously had in this court are shown in 21 Haw. 399, 406, 551. The trial court first gave judgment for the defendant upon his counterclaim. The plaintiff then

filed a motion for a new trial, and the same was granted upon a ground which this court found to be untenable. Upon exceptions brought by the defendant the order granting a new trial was set aside. Thereafter, the plaintiff, desiring to present a ground of his motion for a new trial which had not been passed upon, moved the trial court to set a day for further hearing upon the motion. This was denied. Upon exceptions brought by the plaintiff this court remanded the case to the circuit court with directions to determine the motion for a new trial as to the ground which had not been passed upon, namely, that the finding that there was not an implied contract between the parties was contrary to the weight of the evidence. Thereafter, upon consideration of this point, the trial court said that it believed "that at the time the plaintiff undertook the sale of the property and up to the time of the consummation of such sale both parties understood that his (plaintiff's) services were not to be gratuitous, although the amount of such compensation was not agreed upon between the parties." Plaintiff's motion was again sustained and a new trial ordered. The case was re-. tried and judgment given a second time in favor of the defendant for the amount of his counterclaim. The plaintiff brings the present exceptions.

On.behalf of the plaintiff it is contended that the decision of the trial court was erroneous in that it reversed the finding made at the time of the granting of the motion for new trial to the effect that the plaintiff had made out a case under the second count of his complaint which was in *indebitatus assumpsit*. The argument is that the evidence was substantially the same upon the second trial as upon the first, and that the doctrine of "the law of the case" required that the finding of fact upon that evidence should have been the same upon the conclusion of the second trial as that expressed by the court in its decision ordering the new trial. Whether the doctrine referred to is in force in this jurisdiction has not been decided. See *Bierce* v. *Waterhouse,* 19 Haw. 594, 601. In any event, it

would not apply to facts found by a trial court so as to preclude it, upon a second trial of a case, from finding the facts differently though the evidence be substantially the same. "The 'law of the case' is a phrase which has been formulated in this state to give expression to the rule that the final judgment of the highest court upon a question of law arising between the parties to an action on a given state of facts, establishes the rights of the parties to that controversy, and is a final determination thereof, and like a final judgment in any other case, estops the parties thereto from afterwards questioning its correctness." *Klauber* v. *Car Co.,* 98 Cal. 105, 107. "So well settled is the proposition that the doctrine of the law of the case, generally speaking, is applied only to the principles of law laid down by the court as applicable to a retrial of fact, that it does not embrace the facts themselves, and does not even embrace points of law not presented and determined, that no quotation from the authorities is necessary." *Moore* v. *Trott,* 162 Cal. 268, 273. The rule which is applicable to the case in hand is the well settled one that where a judgment has been set aside and a new trial granted, the issues not being expressly limited by the order, the case is restored to the condition it was in before the trial was had, and the whole case is open for hearing and determination as though it had never been tried. Freeman on Judgments (3d ed.), Sec. 481; 29 Cyc. 1028, 1033; *Zaleski* v. *Clark,* 45 Conn. 397; *Minneapolis Mill Co.* v. *Minneapolis etc. R. Co.,* 58 Minn. 512; *Cahn* v. *Tootle,* 58 Kan. 260; *Deiermann* v. *Bemis,* 144 Mo. App. 474. The cases draw no distinction, and we see none in principle, between cases tried before a jury and those tried jury waived. This seems to be conceded, but counsel seek to make an exception of cases tried without a jury where the same judge presides at the second trial. When an order has been made granting a new trial unrestricted, all findings of fact preliminary to the judgment must be regarded as having fallen with the judgment. The result follows from the entry of the order and cannot be made to de-

pend upon the subsequent circumstance whether upon the new trial the court is to be held by the judge who presided at the first trial or by another judge. The record in this case shows that a motion made by the defendant at the outset of the second trial that the trial be confined to the second count was denied. No attempt to have the issues restricted appears to have been made by the plaintiff and the case was tried as fully and completely as though no previous trial had been had.

Certain of the exceptions relate to rulings made excluding certain evidence offered by the plaintiff. It appeared by uncontradicted evidence that during the absence from the Territory of the defendant for several months in 1906, one Muhlendorf was the defendant's attorney-in-fact under a power of attorney authorizing him to sell real estate belonging to the defendant in this Territory, and that shortly before his departure the defendant handed to his agent a memorandum of instructions, which, so far as pertinent to this case, stated: "Pilipili Lot 54 acres, I own this jointly with Wall, the surveyor, he has the handling of it for a commission. If he perfects any sale during my absence, you may approve of it, for I like to get a start in selling a portion at least." The defendant testified that the statement "he has the handling of it for a commission" had reference to an agreement between the plaintiff and himself whereby the former, in consideration of the payment of a commission of ten per cent. upon revenue received from the land, made sales of firewood and collected rents and pasturage fees, and supervised the clearing of the land, the cost of which was paid out of the revenue. The contention that the memorandum amounted to an admission on the defendant's part that he had agreed to pay the plaintiff a commission in the event that he should effect a sale of the land was not sustained by the trial court. It was in this connection that the plaintiff sought to introduce in evidence certain statements claimed to have been made by the defendant's agent, Muhlendorf, prior to and at the time of the execution of the agreement of sale of the land, to the effect that the

plaintiff would be entitled to receive from the defendant a commission upon defendant's share of the purchase price. On behalf of the plaintiff it is contended that the statements were admissible as admissions made by the defendant's agent within the scope of his authority, or as a contemporaneous construction placed upon an ambiguous written authority by the agent and the plaintiff, or by way of an estoppel binding upon the defendant. The ruling of the trial court in excluding the evidence may be sustainable upon more than one ground, but we deem it sufficient to say that it appears to us that the statements, if made, were no more than expressions of opinion by the agent as to which his principal would not be affected. What the basis of the agent's opinion was did not appear further than it may be presumed to have been based on his reading of the memorandum of instructions. But the agent's opinion that the agreement previously entered into by the plaintiff and defendant whereby the former was to receive a commission for "handling" Pilipili entitled him to a commission on the purchase price in the event of a sale of the land was not admissible as an admission of the defendant or that of an authorized agent. "The opinion of an agent, based upon past occurrences, is never to be received as an admission of his principals; and this is doubly true where the agent was not a party to those occurrences." *Ins. Co.* v. *Mahone,* 21 Wall. 152, 157. "A mere opinion or conclusion, as contradistinguished from a statement of fact, may not be proved under the rules relating to admissions and declarations." 1 R. C. L. 481. See *Plymouth County Bank* v. *Gilman,* 3 S. D. 170, 176; *Torson* v. *Beckley,* 20 Haw. 406, 409. Such declarations of an agent, being mere expressions of opinion, would not amount to a "contemporaneous construction" which would bind the principal, nor could they form the basis of an estoppel.

The plaintiff sought also to show that on another occasion, after the defendant's return to Honolulu, that Muhlendorf, in response to a question put to him by the plaintiff, admitted in

the presence of the defendant that he had previously said that the plaintiff was entitled to a commission upon the purchase price of the land, and that the defendant not only made no denial of it, but warned Muhlendorf that there was a witness present. The testimony was excluded and we think properly so. The argument here is that the failure of the defendant to make a denial amounted to an admission by silence. But, as pointed out by the trial court, "What reply could Mr. Focke have given? * * * The parties had just been in a conversation where Mr. Focke had denied that Mr. Wall was entitled to a commission, and they came directly to Mr. Muhlendorf, who admitted to Mr. Wall that he had admitted that Wall was entitled to a commission on the first five hundred dollars. Mr. Focke could not deny what had been said, as he was not present when the first admission was made, and nothing Mr. Focke could say would add to the knowledge of the parties." If the defendant's conduct amounted to an admission at all it imported no more than that his agent had given vent to an opinion. That opinion appears, however, at no time to have been shared by the defendant himself.

Under an exception to the decision of the circuit court counsel for the plaintiff contend that, as to the *quantum meruit* claim under the second count of the complaint, the decision is based upon an erroneous and unsound conception of the law, and that the trial court failed to apply the principles set forth in the first opinion of this court in 21 Haw. 399. We do not take counsel's view of the matter. In a carefully prepared decision the trial court, after stating the salient facts of the case, said, "It will be seen from the foregoing that this is primarily a question of fact as to the existence of a specific contract or understanding that any certain commission, to-wit, ten per cent., should be paid for the sale of the land, or whether or not there was any understanding that any commission at all should be paid. The proceedings were, up to the time of the sale, entirely oral and had to do almost entirely with but the two persons

interested. * * * When the existence of an oral contract is alleged by one party thereto and denied by the other, the court or jury must of necessity look primarily to the surrounding facts and circumstances. The gist of an action of assumpsit, whether in special or general assumpsit, whether the plaintiff be suing on an express contract or an implied, is the meeting of the minds of the parties. * * * As the burden of proving this meeting of the minds, 'their mutual and accordant wills,' is on the plaintiff, it follows that the surrounding facts and circumstances, in order to prove a contract, must be something more than suggestive or indicative of the existence of such contract. They must afford a fair preponderance of evidence in favor of the existence of such contract. * * * The parties to this action were tenants in common and their interests were thereby interlocked and interwoven. What was for the benefit of one was necessarily for the benefit of the other. Each was equally interested financially in seeing the land sold at a good figure and each was anxious to have the sale become a fact. The surrounding circumstances must be considered with these facts in view. Unfortunately the circumstances which throw any light whatsoever upon the contractual relations of the parties are very meager. Do 'such circumstances demand the conclusion of a contract to account for them?'" (quoting from *Hertzog* v. *Hertzog,* 29 Pa. St. 465, 468). The court, after making a critical examination of the testimony relating to the circumstances upon which counsel for the plaintiff laid stress, said "None of the above circumstances, therefore, seem to me 'to demand the conclusion of a contract to account for them.'" The court then discussed the evidence relating to the memorandum of instructions given by the defendant to his agent, and the testimony given by the parties themselves with reference to the alleged express contract, and concluded by saying, "All that has been said in the foregoing applies to both counts in this action, for, as held by the supreme court," in its first opinion in this case, "the mutual agreement of the parties, especially

where situated as these parties, cotenants of land, is as neces-
sary under the count *quantum meruit* as under a count in spe-
cial contract. It must clearly appear 'to the satisfaction of the
court that compensation for services to be rendered was to be
made and the services were rendered with reference to such
understanding.' This is another way of saying that the cir-
cumstances must 'demand the conclusion of a contract to ac-
count for them.' I am, therefore, of the opinion that judg-
ment must be for the defendant." In their brief counsel say
"This last language is plainly fallacious and illustrates how
the trial court construes the law of *quantum meruit,* i. e., that
an actual contract must be found to exist between the parties
when *quantum meruit* liability is claimed, exactly as such con-
tract or agreement must be found when recovery is claimed
upon an express contract. But *quantum meruit* recovery neces-
sarily connotes absence of an actual contractual understanding."
We think the view taken of the law by the trial court was in
entire harmony with the principles previously enunciated by
this court, and constituted a correct exposition of the law appli-
cable to such a case as this. The only distinction between an
express contract and an implied contract as defined in our for-
mer opinion (21 Haw. 404) is in the mode of proof; there is
none in the nature of the understanding. Both are founded
upon the actual agreement of the parties. The one is to be
proven by direct evidence of its terms, while the other is to be
shown by indirect evidence, being an implication reasonably
drawn from all the circumstances and relations of the parties.
15 A. & E. Enc. Law (2d ed.) 1078; *Smith* v. *Moynihan,*
44 Cal. 53, 62; *City Council* v. *Water Works Co.,* 77 Ala.
248, 254; *Columbus etc. R. Co.* v. *Gaffney,* 65 Oh. St. 104,
114; *Rose* v. *Wollenberg,* 36 Ore. 154, 158.

The evidence referable to the first count with regard to the
alleged express contract to pay a commission of ten per cent.
upon a sale of the land was diametrically in conflict and a de-
termination of the issue by the trial court either way would

have been supported by substantial evidence, but it is not so easy to see how the trial court could have reached a different conclusion upon the question of an implied contract. The decision and judgment were amply sustained by the evidence.

Exceptions overruled.

*W. B. Lymer* (*Thompson, Wilder, Milverton & Lymer* on the brief) for plaintiff.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief) for defendant.