HOOMANA NAAUAO O HAWAII, A CORPORATION, BY J. E. K. MAIA, A. L. NAKEA, D. K. DIAMOND, A. I. BRIGHT, ROBERT AKANA, J. A. HOOKAMA, RICHARD WEEDON, C. L. KEALOHA, F. A. KAKALIA, M. K. KANEIAKALA AND ISAIA POAI *v.* W. S. J. O. MAKEKAU, J. ISERAELA, L. R. KEKUEWA, MRS. KAHALEWEHI BAKER, G. NICHOLAS, H. PELE, SAMUEL KEANU, ALEX. GEORGE AND W. E. EDMUNDS.

No. 1285.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

ARGUED JULY 29, 30, 1920.                    DECIDED AUGUST 31, 1920.

COKE, C. J,, EDINGS, J., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF KEMP, J., ABSENT.

TRIAL—*status of case remanded generally to a circuit judge at chambers.*

Upon a general remand to a circuit judge at chambers all issues of law and fact except such issues of law as were determined by the appellate court are again before the lower court for trial and determination.

SAME—*same.*

The cause is thus opened for the introduction by either side of any and all competent evidence which is pertinent to any of the issues raised by the pleadings. If the same judge who presided in the former trial also presides at the second trial the evidence received at the former trial would ordinarily still be in the mind of the judge or the transcript thereof available to him and it would therefore be unnecessary to have the evidence introduced at the second trial.

SAME—*same.*

Should the trial judge at the second hearing deem it necessary or proper to have the evidence taken at the former hearing again adduced it should again be placed in the record.

SAME—*same.*

But both parties should be permitted to introduce any other or further evidence touching any of the issues which they may elect to present.

This quo warranto proceeding was previously before us (see *Hoomana Naauao* v. *Makekau, ante* p. 418), at which time, and upon the record then before us, we held that the convention called by the president on June 20, 1919, a notice of which was duly published, to take place on July 21 of that year, constituted the legal call for a convention of the members of the society. The judgment appealed from was reversed and the cause was remanded generally to the court below without instructions. After the cause reached the lower court on the remand from this court the petitioners moved for a judgment in their favor upon the record. The respondents filed written objections to the motion and gave notice of their desire to adduce additional testimony upon two points, that is to say, first, to show that the notice given by publication by the president of the corporation was insufficient in that it did not comply with the custom of the corporation in the calling of annual conventions, and second, that even if the convention called by the president for the 21st of July, 1919, was legally called upon proper notice a legal quorum for the transaction of business was not present at the convention of that date. The trial judge ruled that he would admit testimony under the first point but not under the second. Some evidence, however, was introduced bearing upon the second question, but it appears that this evidence was ignored by the judge. At the conclusion of the hearing a judgment was entered favorably to the petitioners. From this judgment the respondents have brought the cause here on appeal.

The principal question to be determined is what should be the status of a proceeding pending before a circuit judge at chambers where the judgment of that court has been reversed by the supreme court on appeal and the cause remanded generally.

The petitioners, appellees herein, appear to assume

that the power of the court below is limited to merely entering a decree in accordance with the decision of the appellate court based upon the facts established at the prior trial. The respondents-appellants urge that as the case was remanded without directions the whole case is reopened so far as the facts are concerned, and is also reopened as to the law involved except as to such points as were decided on the appeal, while the circuit judge appears to have taken a middle ground adopting the view that it was discretionary with him to designate the issues respecting which evidence would be heard. In this we think he was in error.

Upon a general remand of a case to a circuit judge at chambers all issues of law and fact except such issues of law as were determined by the appellate court are again before the lower court for trial and determination. The case is thus opened for the introduction by either side of any and all competent evidence which is pertinent to any of the issues raised by the pleadings. Of course if the same judge who presided in the former trial also presides at the second trial the evidence received at the former trial would ordinarily still be in the mind of the judge or the transcript thereof available to him and it would therefore be unnecessary to have that evidence reintroduced at the second hearing. However, should the trial judge at the second hearing deem it necessary or proper to have the evidence taken at the former hearing again adduced it should again be placed in the record. But both parties should be permitted to introduce any other or further material and competent evidence touching any of the issues which they might elect to present. The subject under consideration in its present form has not heretofore been before this court but some of the authorities which indicate the rule which we have adopted are as follows: *Bierce* v. *Waterhouse,* 19 Haw. 594, 598; *Wall* v. *Focke,* 22 Haw.

221, 223; *Glassell* v. *Hansen*, 149 Cal. 511, 514; *Haffner* v. *R. Co.*, 96 Va. 528, 529; *Burnham* v. *R. Co.*, 87 Neb. 696; *Barrett-Hicks Co.* v. *Glas*, 14 Cal. App. 289, 295; *Rodisch* v. *Moore*, 257 Ill. 615.

Counsel for petitioners-appellees draw attention to the recognized rule that an appellant must specify all of the errors upon which he relies for a reversal of the judgment from which he appeals and that he cannot upon his second appeal be heard to say that there were other errors which he did not specify in his prior appeal. The only exception to this rule is where upon the second appeal there is evidence of a different character in the record. In the present case there has been some additional evidence introduced since the case was here on the former appeal. And aside from that consideration it must be borne in mind that the former appeal was prosecuted by the petitioners, now the appellees, and that this is the first appeal of the present appellants. As was said in *Bierce* v. *Waterhouse* (19 Haw. 598), now for the first time the judgment of the circuit court stands against the respondents. Hence the rule relied on by the appellees has no application here.

Counsel for respondents-appellants now urge that because of the state of the present record this court should hold that in the giving of the notice of the convention of July 21, 1919, the established custom was not followed and that it should be further held that a legal quorum, as required by the by-laws of the society, was not present at said convention. To this we are unwilling to accede.

The circuit judge at the second hearing unduly curtailed the issues and improperly limited the scope of the evidence proposed to be introduced. It would therefore, in view of the state of the present record, be improper for this court to determine these issues.

We think that the judgment appealed from should be reversed and the cause remanded to the court below for

further proceedings consistent with this and our former opinion herein, and it is so ordered.

*C. F. Clemons* (*Watson & Clemons* on the brief) for petitioners.

*A. G. M. Robertson* (*Robertson, Castle & Olson* on the brief) for respondents.