## WONG WONG v. HONOLULU SKATING RINK, LIMITED, A CORPORATION, MORRIS ROSENBLEDT AND FRED HARRISON.

### No. 1291.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

ARGUED JANUARY 13, 1921.                    DECIDED JANUARY 25, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DeBOLT
IN PLACE OF EDINGS, J., DISQUALIFIED.

TRIAL—*effect of sustaining exception.*

When an exception is sustained and notice thereof is received by the circuit court it is the duty of the circuit court as a matter of law and not in consequence of any direction of this court to give effect to our decision.

SAME—*same—circuit court may look to opinion to ascertain effect of decision.*

The effect of sustaining an exception without directions depends upon the grounds on which it is based as expressed in the opinion of the court and the circuit court in order to ascertain the effect may look not only to the formal notice transmitted to it but to the whole record, including our opinion.

SAME—*effect of sustaining exception which goes to the merits.*

If the exception sustained goes to the merits of the case, that is, constitutes such a holding as necessitates a certain judgment, there is nothing left but to enter such a judgment, hence the sustaining of an exception to an order overruling a motion for nonsuit on the ground that there was nothing due the plaintiff when the suit was filed left nothing for the circuit court to do but enter the judgment of nonsuit.

### OPINION OF THE COURT BY KEMP, J.

The history of this litigation and the transactions out of which it grew may be found in the opinions of this court in this case and the case of *Lewers & Cooke* v. *Wong Wong.* The opinions in *Lewers & Cooke* v. *Wong*

*Wong* are reported in 22 Haw. 765 and 24 Haw. 39. The former opinions in this case are reported in 24 Haw. 181, and 25 Haw. 92, 347 and 413. We do not deem it necessary to repeat that history. It will be sufficient to state that when the case was last before us on exceptions brought here by the defendants Rosenbledt and Harrison we held that at the time demand was made and suit filed there was nothing due on the account for which the lien was claimed; that any matters which would constitute a defense to an action of assumpsit on the account would also constitute a good defense to the suit to foreclose the lien and that such defense was available to other defendants than the debtor. This was all reasoned out in our opinion and the opinion concluded with the statement that "The decision and judgment are contrary to the law and the evidence and the exceptions thereto must therefore be sustained and it is so ordered" (25 Haw. 347, 356). Plaintiff filed his petition for rehearing and as ground therefor, among others, claimed that the order sustaining the exceptions to the decision and judgment as contrary to the law leaves it doubtful whether a new trial, further proceedings or a final judgment is ordered in the circuit court. In an unpublished opinion *per curiam* of March 10, 1920, denying plaintiff's petition for rehearing, we said: "We do not see how there could be any doubt as to the effect of our holding upon this case. The effect of our holding is that when the present suit was instituted there was nothing due under the contract and that this defense could be set up by other defendants than the debtor. Having sustained this contention of the owners who were entitled to interpose the defense the present suit must abate." Defendants then filed a motion to amend the decision by adding thereto an order sustaining their exception No. 25 to the denial by the court below of their motion for a nonsuit and adding a direction to the trial

court to grant the motion for said nonsuit.   In granting this motion we stated that "In our decision which they ask to have amended we held that there was nothing due on said contract when the suit was filed and ordered the exceptions to the decision and judgment as contrary to the law and the evidence sustained.   This holding we think necessarily sustains appellants' exception No. 25 to the overruling of their motion for a nonsuit, but in order that there may be no uncertainty or doubt in respect thereto the motion to amend the decision is granted and the decision is ordered amended so as to include the sustaining of appellants' exception No. 25 to the denial by the court of their motion for a nonsuit" (25 Haw. 413). We did not, however, include an order to the circuit court to grant the motion for a nonsuit as requested in said motion.   Thereafter notice of decision duly issued to the circuit court, which notice reads as follows: "In the above entitled cause, pursuant to the opinion of the above entitled court filed March 1, A. D. 1920, the decision and judgment are contrary to the law and the evidence and the exceptions thereto must therefore be sustained and it is so ordered.   And in pursuance of the' decision of the above entitled court on the motion to amend decision rendered on the 8th day of April, A. D. 1920, exception No. 25 of the appellants, Morris Rosenbledt and Fred Harrison, to the denial by the court of their motion for a nonsuit is sustained."   After receipt of this notice of decision by the circuit court the defendants presented to the circuit court a judgment and decision for signature and entry which it is asserted were pursuant to and in conformity with the decision of this court.   The matter of signing the decision and entering the judgment coming on before the circuit court was contested by the plaintiff but notwithstanding his opposition thereto the decision was thereupon signed and filed and judgment

entered granting the nonsuit in favor of the defendants Rosenbledt and Harrison.

Plaintiff again brings the matter here upon writ of error and his assignments of error challenge the correctness of the ruling of the circuit judge in signing said decision and entering said judgment and also challenge the correctness of our holding when the case was last here on exceptions.

We shall enter into no discussion of the questions determined by us when the case was last here. They were then decided after exhaustive and able arguments and we are fully satisfied with the correctness of our holdings. We think it is entirely proper, however, for the plaintiff to again present those questions in order to preserve his rights in the event of a further appeal should the decision in this hearing go against him. (*Bierce* v. *Waterhouse,* 19 Haw. 594.)

Plaintiff contends that since we merely sustained defendants' exceptions and did not order the circuit court to grant their motion for a nonsuit he was entitled to a trial *de novo;* that if this was not our intention there should have been an order for the entry of judgment for defendants. When exceptions are overruled that is the end of the functions of this court relating thereto, nothing remaining but the order, notice or remittitur, on receipt of which the judgment in the circuit court, if entered but suspended pending the exceptions, remains in full force requiring no affirmance or other recognition from this court. If no judgment was entered by the circuit court, upon notice of the overruling of the exceptions it becomes the duty of the circuit court as a matter of law, and not in consequence of any direction of this court, to enter a proper judgment. (*Meheula* v. *Pioneer Mill Co.,* 17 Haw. 91; *Cotton* v. *Hawaii,* 211 U.. S. 162.) Likewise when exceptions are sustained and notice thereof is received by

the circuit court it is the duty of the circuit court as a matter of law, and not in consequence of any direction of this court, to give effect to our decision.

It is true that this court has in many instances where exceptions were sustained ordered appropriate action by the circuit court, as will be seen from an inspection of our published reports (see *Ripley & Davis* v. *Kapiolani Est.,* 22 Haw. 86; *Lewers & Cooke* v. *Fernandez,* 23 Haw. 744), but we think that such orders are entirely unnecessary and at least technically wrong though not objectionable from a practical standpoint. The general practice of this court in passing upon questions presented upon exceptions is to overrule or sustain the exceptions and leave it to the circuit court without directions to give effect to our decision. The effect of a reversal without directions depends upon the grounds on which it is based as expressed in the opinion of the court (*Broderick* v. *District Court,* 91 Minn. 161, 97 N. W. 581) and we can conceive of no distinction on this point between a reversal without directions and the sustaining of an exception without directions. In either case, in order to ascertain the effect of our decision, the circuit court may look not only to the formal notice transmitted to it but to the whole record in the case, including our opinion. (*Wells Fargo & Co.* v. *Taylor,* U. S.    , decided December 6, 1920.)

Let us assume that a defendant in a criminal case after conviction prosecutes an exception to an order overruling a motion to quash the indictment against him and the exception is sustained but no order made directing the action of the circuit court. Upon the receipt of a notice that such exception has been sustained it would certainly be the duty of the circuit court as a matter of law to set aside the judgment of conviction and sustain the motion theretofore overruled. If the defendant in a civil action after judgment should prosecute an exception to an

order overruling a demurrer to the complaint, the demurrer being based on more than one ground, and the exception be sustained but no order made directing the action of the circuit court it would likewise be the duty of the circuit court as a matter of law to vacate the judgment and sustain the demurrer and it would undoubtedly do so without directions from this court. This, however, would not require the entry of a judgment against the plaintiff unless it appeared from the opinion that the ground of demurrer sustained was of such a nature as to be decisive of the merits of the case, or if not of such a nature the plaintiff declined to amend his pleading. In other words, the circuit court is left to handle the situation as it appears in the light of the opinion after receiving notice of the decision. If the exception sustained goes to the merits of the case, that is, constitutes such a holding as necessitates a certain judgment, there is nothing left for the circuit court but to enter such a judgment.

In the case at bar we held upon what appears to be all the evidence available that at the time this suit was instituted there was nothing due the plaintiff and sustained an exception to the overruling of defendants' motion for a nonsuit for that reason. The motion for nonsuit was based on a number of grounds. Under these circumstances it was the right, and even the duty, of the circuit court to examine our opinion to determine what action it should take in order to give effect to our opinion. In the light of our opinion there was nothing left for the circuit court to do but to enter a judgment of nonsuit in favor of these defendants. There is nothing in *Hoomana Naauao* v. *Makekau,* 25 Haw. 593, inconsistent with this conclusion as counsel seem to think.

Finding no error in the record requiring a reversal of the judgment entered the same should be affirmed and it is so ordered.

*A. Withington* (*Robertson, Castle & Olson* on the brief) for plaintiff in error.

*E. C. Peters* and *H. R. Hewitt* (*Peters & Smith* on the brief) for defendants in error.