JOHN M. BURTCH v. FRANCES McGIBBON AND ROBERT NIXON.

98   139
98   620

*Mechanic's lien—Homestead.*

1. A verbal agreement by the owner of premises occupied as a homestead to pay for materials furnished a contractor, to be used in repairing and making additions to the dwelling-house thereon, will not charge the homestead with a lien under the mechanic's lien law of 1891.[1]

2. The mechanic's lien law of 1891 (Act No. 179) does not apply to a written contract describing premises occupied as a homestead, but containing nothing to indicate an intention to create thereby a lien upon the homestead;[2] citing *Hammond v. Wells*, 45 Mich. 11.

Appeal from Eaton. (Smith, J.) Argued November 23 and 24, 1893. Decided December 8, 1893.

Bill to foreclose a mechanic's lien. Defendant McGib-

---

[1] Amended by Act No. 199, Laws of 1893.

[2] For cases bearing upon the question of the subjection of a homestead to a mechanic's lien, see:

1. *Mills v. Hobbs*, 76 Mich. 122, holding that, where a homestead claim is relied upon as a defense to the assertion of a mechanic's lien, the question is as to the character and value of the premises at the time the lien is claimed to have attached.

2. *Lamont v. Le Fevre*, 96 Mich. 175, holding that a lien attaches, under the mechanic's lien law of 1885, to a homestead exceeding in value $1,500, subject to the statutory exemption; and, if the premises are incapable of division, they may be sold, as the only means of reaching the excess.

bon appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*Cassius Alexander,* for complainant.

*Wood & Wood,* for appellant.

GRANT, J. The bill in this case is filed to foreclose a lien for materials furnished to defendant McGibbon for repairing and making additions to her house, under Act No. 179, Laws of 1891. It is conceded that the premises are a homestead, and the title thereto is in Mrs. McGibbon. The contract rests in parol, and is claimed by complainant to have been made through Mr. McGibbon, defendant's husband, acting as her agent. It is unnecessary to determine the merits of this controversy. The defendant had entered into a written contract with one Bennett to furnish the materials and do the work, and denies that she made any contract with complainant. Complainant was a witness to this contract, and had full knowledge of its contents, but testified that he refused to trust Bennett, sold the materials directly to her, and that she promised to pay for them. The circuit judge found with complainant on this question of fact, and rendered a decree for him for $60.86, the full amount claimed.

The facts about the homestead are undisputed, and must control the case in favor of defendant. It is ruled by *Hammond v. Wells,* 45 Mich. 11. In that case there was a written contract, with specifications, signed by the defendant, Mrs. Wells, but the premises on which the house was to be erected were not described. There could have been no dispute in that case about the identification of the land. The only difference between that case and the present is that in the former the terms were in writing, while in the latter they were verbal. In neither was there any writing signed by the wife, purporting to affect the homestead; nor

was there shown any intention to create a charge upon the real estate. Under the Constitution, the only process by which a homestead can be sold is one issued by virtue of the foreclosure of a "mortgage lawfully obtained." Any statute which should create a mortgage by parol upon a homestead would be in violation of the Constitution. As was said in *Hammond v. Wells,* "the effect of the mechanic's lien law is to create a species of statute mortgage." The homestead right given by the Constitution cannot be divested except by the deliberate act of the owner reduced to writing, and signed by him or her, showing an intention to create a lien. But the statute in question is silent in regard to homesteads. Were the contract in writing, and the premises described, but it contained nothing to indicate an intention to create thereby a lien upon the homestead, the statute would not apply.

Decree reversed, and bill dismissed, with the costs of both courts.

HOOKER, C. J., LONG and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.