# THE STEEL BRICK SIDING COMPANY v. THE MUSKEGON MACHINE & FOUNDRY COMPANY ET AL.

*Equity pleading—Demurrer—Mechanic's lien.*

1. Where a bill to foreclose a mechanic's lien charges that notice of the filing of the statement of lien was given to the debtor and to the receiver of its estate, the bill will not be held bad on general demurrer for failing to aver that payment of the claim was demanded before the bill was filed.

2. The failure to aver, in a bill filed to foreclose a mechanic's lien, that the receiver of the estate of the debtor is joined as a defendant by leave of the court which appointed him, is a substantial defect, and the objection may be raised by general demurrer.[1]

[1] See *Burk v. Machine & Foundry Co.*, *ante*, 614, and cases cited.

3. Chancery Rule No. 91, which provides that, "in a bill for foreclosure or satisfaction of a mortgage, it shall not be necessary to set out at large the rights and interests of the several defendants who are purchasers of, or who have liens on, the equity of redemption in the mortgaged premises, subsequent to the registry or recording of complainant's mortgage, and who claim no right in opposition thereto, but it shall be sufficient for the complainant, after setting out his own right and interest in the premises, to state generally that such defendants have or claim some interest in the premises as subsequent purchasers or incumbrancers or otherwise," applies to a bill filed to foreclose a mechanic's lien.

Appeal from Muskegon.    (Dickerman, J.)    Submitted on briefs January 3, 1894.    Decided February 6, 1894.

Bill to foreclose a mechanic's lien.    Defendants Muskegon Machine & Foundry Co., Muskegon Improvement Co., and Illinois Trust & Savings Bank appeal from order overruling demurrer.    Order reversed, demurrer allowed, and record remanded, with leave to the complainant to apply for permission to amend the bill.    The facts are stated in the opinion.

*Brown & Lovelace,* for complainant.
*Smith, Nims, Hoyt & Erwin,* for appellants.

HOOKER, J.    The complainant filed the bill in this cause to enforce a lien upon the building of the Muskegon Machine & Foundry Company for some brick siding and steel roofing furnished therefor.    The bill makes defendants several persons whom it alleges have acquired and claim interests in said premises subsequent to the time that complainant's lien attached, among them one John J. Howden, who was appointed receiver by the Muskegon circuit court, in chancery, in a suit pending therein between said company and the Union National Bank, which is also made defendant.    Three of the defendants joined in a general demurrer.    The court made an order overruling the

demurrer, and giving the defendants leave to file answers under the rule, upon payment of costs, including a solicitor's fee of $10. From this order the demurring defendants appeal.

The points made by counsel for the appellants are—

1. That the bill does not specifically allege the terms of the contract upon which the lien is based.

2. That the bill shows that defendant Howden is a receiver, appointed by order of court, and that it does not appear that authority has been granted to bring suit against him.

3. That the rights claimed by the receiver and other defendants should have been set up in the bill, and that it is not enough to allege simply that they claim rights in the property.

4. That the bill fails to show that the principal defendant has been given an opportunity to pay before filing the bill.

As to the first of these, we will only say that, in our opinion, the bill does allege a complete and perfectly legal contract executed upon the part of complainant, without proceeding to demonstrate it.

As to the fourth point raised, our attention is not called to any case which holds that demand is essential before bringing a suit to enforce an equitable right. At law no such rule prevails, and a creditor may bring his action after the claim matures. In this case the principal defendant promised to pay at the expiration of 30 days after the material was furnished, but it did not. Subsequently proceedings were taken to file the lien which the law created, and of these the receiver, who is the legal representative of the principal defendant, had notice. Afterwards this bill was filed, and we think the contention that it is bad on general demurrer, for this reason, is without merit.

But we think the second point is well taken. By repeated decisions, the Court has settled the doctrine that courts of equity require leave to be obtained before a suit

can be commenced against a receiver. The bill in this case alleges that the affairs of the Muskegon Machine & Foundry Company are in the hands of the defendant Howden, as receiver, appointed by the Muskegon circuit court, in chancery; thus showing the necessity of obtaining leave, but nowhere alleging that it has been obtained. While it is possible that this might not be fatal at the hearing (1 Daniell, Ch. Pr. 555), it is a proper reason for denying relief, if seasonably brought to the attention of the court, which complainant's counsel admit that it might be by plea to the jurisdiction . (Id., and cases cited). Where the ' bill shows the defect, a plea would seem unnecessary, if not improper, under the rule that a plea is not usually permitted where the question can be raised by demurrer. This, being a substantial defect, may be raised by general demurrer. Story, Eq. Pl. § 455; Bart. Suit Eq. 107, 108. This is a ground of demurrer by all the defendants.

As this cause will be remanded, with leave to the complainant to apply to the court for permission to amend its bill of complaint in this particular, it becomes necessary to consider . the other question raised, viz., whether the claims of the various parties defendant are alleged with sufficient particularity. Three defendants demur and appeal, viz., the Muskegon Machine & Foundry Company, the Muskegon Improvement Company, and the Illinois Trust & Savings Bank. The bill alleges that the last two named and several other defendants appear, from the records in the office of the register of deeds, to have, or claim to have, rights and interests in the premises upon which complainant asserts its lien, or in some part or parts thereof, as subsequent purchasers, mortgagees, lien claimants, or otherwise. This is all that is stated in regard to such interests. As to defendant Howden, the bill states that he was on or about September 6, 1892, appointed re-

ceiver by the Muskegon circuit court, in chancery, in a suit then and now pending in said court between the Union National Bank (a party defendant) and the Muskegon Machine & Foundry Company, and that, by virtue of said appointment, he, as such receiver, claims an interest in the premises. In cases of bills for foreclosure of mortgages, Chancery Rule No. 91 permits defendants to be made parties, by such a general allegation as that mentioned, where they are purchasers of, or have liens on, the equity of redemption in the mortgaged premises, subsequent to the registry or recording of complainant's mortgage, and claim no right in opposition thereto. We see no reason for excluding bills for the foreclosure of mechanics' liens from the operation of this rule. The analogy between such a lien and a mortgage is close, and section 9 of the lien law seems to recognize the fact. Act No. 179, Laws of 1891. See, also, the case of *Burtch v. McGibbon*, 98 Mich. 139, where a lien is called a "statutory mortgage." Upon its face, the bill indicates that these defendants have interests within Rule 91, and we are not called upon to anticipate a claim of any other interest, the bill being taken as true for the purposes of this hearing.

The order of the circuit court, in chancery, will be reversed, and the demurrer allowed, with costs of both courts. The record will be remanded, with leave to the complainant to apply to that court for permission to amend the bill.

The other Justices concurred.