J. A. HOPPER, doing business under the name of the PACI-
FIC BRASS FOUNDRY, *v.* G. W. LINCOLN and H.
E. COOPER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 4, 1899.          DECIDED MAY 4, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY IN PLACE
OF JUDD., C.J., ABSENT.

Under our mechanic's lien law, the owner of the property upon which
a lien is claimed is a necessary party defendant in an action by a
subcontractor to enforce the lien, and a special execution may issue
upon a judgment for the enforcement of the lien against the prop-
erty covered by it, even though judgment cannot be entered against
the owner personally.

OPINION OF THE COURT BY FREAR, J.

This action by a subcontractor for $312.98 against defendant
Lincoln personally, the principal contractor, and defendant
Cooper, the owner, for the enforcement of a lien under the
mechanic's lien law, was tried jury waived and, by consent,
judgment was ordered for the plaintiff for $341.98, including
interest and costs, against Lincoln personally and against Cooper
for the enforcement of the lien, without prejudice to the right
of the latter to contest the enforcement of the lien by execution.

The only question raised by the exceptions is whether an
execution could properly issue upon a judgment for the en-
forcement of the lien against the property covered by it. It is
contended that the statute is deficient in failing to provide proper
machinery for the enforcement of a lien and that no valid ex-
ecution can issue upon a judgment for the enforcement of a lien
against the owner in favor of a subcontractor, although it might

in cases where the owner himself has contracted for the materials. or labor.

The statute (Civ. L. Sec. 1745) provides: "The liens hereby provided may　*　*　*　be enforced by proceedings in any Court of competent jurisdiction, by service of summons, as. now practiced. Such summons shall set forth the ordinary allegations in assumpsit, and, in addition thereto, note that a lien has been filed.　*　*　*　Judgment upon such proceedings shall be as in ordinary cases, and may be enforced by execution as now alleged. In case the contract for services or material upon which the lien has accrued shall have been directly with the owner of the property, an attachment may issue in con-- nection with the suit.　*　*　*"

The statute contemplates an enforcement of the lien by an action at law. If the action were by a principal contractor against the owner, there could be no difficulty, for "the ordinary allegations in assumpsit" could be made and a judgment be obtained against the owner personally on the contract. But when, as here, the action is by a subcontractor, the ordinary allega-- tions in assumpsit can ordinarily be made against the principal contractor only and a personal judgment be obtained against him alone. And yet we see no reason why the owner may not be made a party and a judgment be entered against him for the enforcement of the lien. Certainly he is a necessary party where his interests are to be affected. While the proceeding is. to a certain extent of the nature of a proceeding *in rem,* it is not so in all respects. It is not a proceeding leading to a judg- ment against the property which will bind all the world. Per- sons not parties are not bound. The owner is a necessary party defendant even though no judgment can be entered against him personally. The ordinary allegations in assumpsit could be made as between the subcontractor and principal contractor and other allegations to show the relation of the owner to the subject- matter. This is a course followed in other jurisdictions. In such cases the judgment, in conformity with the allegations, is against the principal contractor personally on the contract and against the owner for the enforcement of the lien against his interest in the property in question. See *Lee v. Wimberley,* 102 Ala..

23

539 (15 So. 444); *May & Thomas Hardware Co. v. McConnell*, 102 Ala. 768 (14 So. 652). Our statute gives a lien to a subcontractor as well as to a principal contractor and it plainly indicates that the owner is to be made a party to an action by a subcontractor for the enforcement of the lien. In this case no objection was made to the joinder of the owner as a party defendant and judgment was ordered against him by his consent.

As the judgment must conform to the pleadings, so the execution must conform to the judgment. The statute does not authorize a judgment against the owner personally in an action by a subcontractor. There could be no such judgment because there is no contract or obligation or statutory provision and there could be no allegations on which to base it. The statute merely subjects certain of his property to a lien and the allegations must set forth the necessary facts, the proof must be of those facts and the prayer and judgment must be for the enforcement of the lien, and the execution must be accordingly. It does not follow, as contended, that, because no personal judgment can be rendered against the owner, no execution can issue. It is true the statute is meager in its provisions as to the method of enforcing the lien, but, so far as the remedy is concerned, it should be construed liberally. It provides for the issuance of execution. There is no inherent difficulty in the way of enforcing such a judgment by execution. Such judgments are enforced elsewhere by execution. And, although the statute provides that the judgment may be enforced by execution "as now allowed," that may be taken to mean that it may be enforced by execution in conformity with the judgment, adapting the execution to the necessities of the case. There is no fixed particular form in which all executions must issue. In *Bailey v. Hull*, 11 Wis. 289, the court said: "The only remaining question is as to that part of the order forbidding a sale without the issuing of an execution. It is true that a sale of property against which a specific lien is adjudged under this law is more analogous to a sale on foreclosures than it is to an ordinary sale on an execution issued against the property generally. And it might be more

consistent if the statute should provide for a similar proceeding. But it has not done so. On the contrary it provides expressly in Section 9, that 'execution may issue and be levied upon the premises subject to such lien, and sale thereof be made in the manner prescribed by law in ordinary cases.' This seems to place it on a similar footing with a sale on execution upon a judgment where real estate has been attached. Section 59, Chap. 131, provides that, in the latter case, the execution 'may among other things, direct a sale of the interest of the defendant in the property at the time the lien accrued,' which time should be specified in the judgment. It is true there is no express provision of the statute for the insertion of such a direction. But it does provide that the sale may be on execution, and the very nature and object of the proceeding would seem to imply an authority to adapt the execution to the end provided for." See also *Hall v. Hinckley*, 32 Wis. 368. The execution would, of course, be special, not general. This necessarily follows from the form of the judgment, the allegations of the complaint and the provisions of the statute.

In this opinion we have considered the complaint, consent to judgment, order for judgment as agreed, motion and order for execution, bill of exceptions and argument of counsel, all of which seem to be in general harmony But we find on the files a paper entitled "Judgment" which is a personal judgment against both defendants and out of conformity with the other papers. If this is the judgment the execution of which is sought, we do not wish to be taken as holding it proper in form or as holding that the execution in question may issue upon it without amendment.

The exceptions taken are overruled and the case is remitted to the Circuit Court for such further proceedings as may be proper.

*Kinney, Ballou & McClmahan* for the plaintiff.

*H. E. Cooper* for himself, *Magoon & Silliman* with him.