# LEWERS & COOKE, LIMITED, *v.* JOE FERNANDEZ AND IDA W. WATERHOUSE.

## No. 997.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED MAY 8, 1917.                    DECIDED MAY 16, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

MECHANICS' LIENS—*demand—pleading and proof.*

In an action to enforce a lien for materials furnished and used in the construction of a building, demand upon the owner for payment of the amount claimed under the lien is, under the provisions of section 2867 R. L., a condition precedent to bringing the suit, and such demand must be alleged and proven.

DISMISSAL AND NONSUIT—*mechanics' liens—demand.*

Where in an action to enforce a lien under chapter 162 R. L. for materials furnished and used in the construction of a building it is not shown that demand for the amount claimed under the lien was made upon the owner prior to commencing the action, a motion for judgment of nonsuit on that ground should be sustained and the action dismissed as to the defendant owner.

OPINION OF THE COURT BY QUARLES, J.

The defendant Fernandez (hereinafter called the contractor) constructed under contract a residence and servant's quarters for his co-defendant Waterhouse (hereinafter called the owner) upon certain premises situated in Honolulu. The plaintiff sold and furnished to be used in the construction of said buildings certain materials, and which were used in constructing the buildings. The contractor failing to pay for the materials so furnished by it, plaintiff filed a notice of lien under the provisions of chapter 162 R. L., served a copy of the notice of lien on the de-

fendant owner, after which it commenced this action to en-
force its lien on the premises upon which the said buildings
are located.   The trial court found in favor of plaintiff
and judgment was entered as prayed for in the complaint.
The case comes before us upon numerous exceptions, but
under the conclusion we have reached it will not be neces-
sary to pass upon all of them.   At the trial the plaintiff
was permitted to amend its complaint by adding an allega-
tion that the said owner "contracted with the defendant Joe
Fernandez for the erection of said buildings and structures."
Thereupon the defendant owner filed a demurrer to the
complaint as amended upon the ground that the amended
complaint does not state facts sufficient to constitute a
cause of action nor entitle plaintiff to the relief demanded,
specifying among other particulars, that it does not appear
from said amended complaint that any demand was made
upon the defendants.   The demurrer was overruled and the
defendant owner excepted.   The evidence failed to show
that any demand was made upon the owner for the amount
claimed in the notice of lien and when plaintiff rested its
case the defendant owner moved for judgment of nonsuit
upon various grounds, the sixth being as follows: "That it
does not appear that any demand for the amount, either in
whole or in part, for which the lien is claimed by the plain-
tiff, was ever made by the alleged lienor, plaintiff herein,
to the owner, Mrs. Waterhouse."   The motion for nonsuit
was denied and the defendant excepted.

Section 2867, found in chapter 162 R. L., provides, among
other things: "The liens hereby provided may after demand
and refusal of the amount due, or upon neglect to pay the
same upon demand, be enforced by proceedings in any court
of competent jurisdiction, by service of summons, as in other
cases."   Section 2864 R. L. requires that a notice of lien be
filed and served upon the owner. Sections 2865 and 2866 R.L.
relate to keeping records of liens of mechanics and material-

men and to priorities of such liens. Section 2868 provides that the owner, when a lien is filed, may retain from the amount payable to the contractor sufficient to cover the lien. These statutes relate to the duties, obligations and rights of the owner and not to those of the contractor.

It is urged upon behalf of the plaintiff that the demurrer was properly overruled; that the motion for a nonsuit was properly denied; and that the decision in favor of plaintiff and judgment for the enforcement of its lien were proper as demand upon the owner was not necessary, service of a copy of the notice of lien upon the owner being sufficient under these various statutes. We are unable to agree with this contention but take the view that under the provisions of section 2867, supra, that after the notice of lien is filed and copy thereof served upon the owner demand upon the owner for the amount claimed under the lien is a condition precedent to bringing suit for its enforcement, and the fact of making such demand must be alleged and proven. To hold otherwise would be to eliminate material terms of the statute. The object and purpose of these statutes is to provide protection to one who furnishes labor or materials used in the construction of a building which he may have enforced upon certain conditions precedent, one of which is demand for payment upon the owner of the building. Looking at the purpose and intent of these statutes there is no doubt that the person upon whom demand must be made before commencing an action is the owner of the building or structure upon which the lien is claimed. "A cause of action is often dependent upon a demand being made. Where this is so the complaint must allege demand." 4 Ency. Pl. & Pr. 612. The general rule as to alleging the performance of a condition precedent is stated as follows: "When a specific act is to be done by the plaintiff, or any number of acts, by way of condition precedent, he must

show in the pleading precisely what he has done by way of performing them." 4 Ency. Pl. & Pr. 632.

The exceptions to the refusal to grant the motion of defendant for a nonsuit and to the decision and judgment against the defendant owner are sustained and the cause is remanded to the circuit court with instructions to set aside the order denying appellant's motion for a nonsuit, to set aside the judgment against the appellant and to enter judgment of nonsuit in favor of the defendant owner.

*A. L. Castle* and *Marguerite Ashford* (*Castle & Withington* and *Marguerite Ashford* on the brief) for plaintiff.

*E. C. Peters* for the defendant Waterhouse.