Syllabus.

# LEWERS & COOKE, LIMITED, *v.* WONG WONG, MORRIS ROSENBLEDT, FRED HARRISON, AND THE HONOLULU SKATING RINK, LIMITED.

## No. 1034.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. C. W. ASHFORD, JUDGE.

ARGUED OCTOBER 22, 1917.          DECIDED NOVEMBER 1, 1917.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE KEMP IN PLACE OF COKE, J., ABSENT.

APPEAL AND ERROR—*reserved questions—points decided.*

A decision of the supreme court upon questions reserved by a circuit court which present but one of several points which have been raised by a demurrer to a complaint, the point being overruled, is not a decision that the complaint states a complete cause of action.

TRIAL—*pleading—proof—demand—nonsuit.*

Where a demand is a condition precedent to the maintenance of an action the failure to allege it does not dispense with the necessity of proving it at the trial under an answer raising the general issue, and the failure to make such proof may be taken advantage of by motion for nonsuit though the point was not raised by demurrer.

MECHANICS' LIENS—*demand on owner—waiver.*

In order to enable a material-man to maintain a proceeding for the enforcement of a lien he is obliged to prove that he made demand upon the owner for the amount claimed after giving notice of the claim of lien and before commencing the proceeding to enforce it. The owner does not waive such demand by failing to demur to the complaint for lack of an allegation of demand, and filing an answer of general denial.

PAYMENT—*application of payments by the court—open account.*

An open continuous account is generally regarded as one debt for the unpaid balance, and general credits will ordinarily be applied against the earliest debts, but where a material-man keeps a continuous account with a contractor in which entries are made for material furnished and payments made in connection with

certain specified jobs of the contractor a credit entry which desig-
nates a particular job is evidence of an intention on the part of the
creditor to apply the payment to the bill for material furnished
for that job, and though it may fall short of a legal application
because the debtor was not notified of it, the court in making the
application will follow that intent especially as it appears to be
fair and equitable.

### OPINION OF THE COURT BY ROBERTSON, C.J.

This case, which is one to enforce a material-man's lien, was before this court upon certain reserved questions which were certified up in connection with a demurrer to the complaint which was then pending in the circuit court. 22 Haw. 765. After that, the demurrer having been overruled, an answer was filed by the defendants Rosenbledt and Harrison. The Honolulu Skating Rink, Limited, defaulted, and Wong Wong confessed judgment in open court. Trial was had upon the issues raised by the answer of Rosenbledt and Harrison, and at the conclusion of the evidence for the plaintiff the court granted a nonsuit upon the grounds (1) that it affirmatively appeared that the contractor, Wong Wong had paid the plaintiff in full for all the material which had been supplied and used in the building in question, and (2) that there was no proof that the plaintiff had made a demand upon the owners against whose property the lien was sought to be established, after the notice of lien had been filed and before this proceeding had been commenced, for the sum due. The plaintiff brings exceptions.

We take up the second ground first. The argument made on behalf of the appellant is that demand by a subcontractor or material-man upon the owner is not required to be shown; that if the statute requires that such demand be made, it being for the advantage of the owner may be waived by him, and in this case demand was waived by Rosenbledt and Harrison. It is also contended that this court

in passing on the reserved questions decided for all purposes of this case that the plaintiff's complaint set forth a valid cause of action, and that as a demand upon the owners had not been alleged none need be proved.    The record shows that prior to the reserving of the questions by the circuit court a plea in abatement had, by stipulation of the parties, been withdrawn and a demurrer filed upon agreement that a copy of the lease between Rosenbledt and Harrison, as lessors, and the skating rink company, as lessee, which was attached to the stipulation, should be considered by the court in connection with the complaint and the demurrer thereto.    In addition to the general ground that the complaint did not set forth facts sufficient to constitute a cause of action, certain special grounds were stated, namely, that it appeared by the complaint that there was no contractual relation between the plaintiff and the defendant lessors, that the lessors were not "owners" within the meaning of section 2863 of the Revised Laws, that their interest in the land was not subject to a lien for materials furnished to their lessee, that the lessors had no interest in the subject-matter of the suit, and that there was a misjoinder of parties defendant. The point that the complaint did not allege a demand on the defendants other than Wong Wong, the contractor, was not specially raised.    The stipulation contained the statement that "The object of this stipulation is to submit to the circuit court and the supreme court the question whether the plaintiff's bill of complaint in connection with said lease constitutes a good cause of action against the defendants Rosenbledt and Harrison."    But the questions actually reserved for the consideration of this court were not as broad as the demurrer.    As shown by our former opinion the questions went to the single point "whether the plaintiff's lien attaches to the interest of the lessors, as well as that of the lessee, in the land upon

which the building was erected." The questions might well have been returned unanswered, as being an attempt to try a case by piecemeal. *Rumsey* v. *N. Y. Life Ins. Co.,* 23 Haw. 142. Nevertheless, we went on and answered the questions in the affirmative. The question whether plaintiff's complaint was demurrable for the lack of an allegation of a demand on the owners, not having been presented for our consideration, was not passed upon either expressly or impliedly. We hold that the point as to no demand on the owners was properly raised as a ground for a nonsuit.

Section 2867 of the Revised Laws provides that "The liens hereby provided may after demand and refusal of the amount due, or upon neglect to pay the same upon demand, be enforced by proceedings in any court of competent jurisdiction, by service of summons, as in other cases." That provision, in the case of *Lewers & Cooke* v. *Fernandez,* 23 Haw. 744, was held to apply in a proceeding instituted against an owner and a contractor by a material-man, the court expressing the view that after notice of lien is served demand upon the owner for the amount claimed under the lien is a condition precedent to the enforcement of the lien. It is contended that that case was incorrectly decided; that it is in conflict with the decision in *Hopper* v. *Lincoln,* 12 Haw. 352; and that it is inconsistent with the ruling made in the former decision in the case at bar to the effect that the mechanics' liens statute, in its remedial aspect, is to be liberally construed. The opinion in *Hopper* v. *Lincoln* states that "The only question raised by the exceptions is whether an execution could properly issue upon a judgment for the enforcement of the lien against the property covered by it." The provision of the statute relating to demand was not involved or referred to in that case. And this is true also of the case of *Allen & Robinson* v. *Redward,* 10 Haw. 151,

which is cited in the appellant's brief.  In two cases cited by the appellant, *Steel Brick-Siding Co.* v. *Muskegon M. & F. Co.,* 98 Mich. 616, and *Duckwall* v. *Jones,* 156 Ind. 682, it was held that a demand before filing suit is not necessary.  But in neither of them does it appear that the statute required that demand should be made.  In the former opinion in this case it was held that the prescribed requirements which are to be met by persons who may assert the lien must be strictly complied with, and the conditions which give rise to the lien must be clearly shown to exist, but that the remedial portions of the statute should be liberally construed.  The making of the demand required by section 2867 lies between those conditions which must be met in order to give rise to the lien and the proceedings for its enforcement.  But granting that it falls within the remedial aspect of the statute, the rule of liberal construction would not warrant the court in ignoring the requirement.  Though there is some force in the argument that a demand by a material-man upon the owner for money due from the contractor ought not to be required, and that service upon the owner of a copy of the notice of the claim fully serves the purpose of apprising him of the nature of the claim and its amount, we believe the reasoning in *Lewers & Cooke* v. *Fernandez* to be sound.  It is contended that a demand, though required by statute to be made, is a matter for the benefit only of the owner and may be waived by him, and that demand was waived by the owners in this case by their failure to demur on the ground of the absence of an allegation of demand and the filing of an answer denying all liability. A liberal construction of the statutory requirement would require a holding that demand may be waived by the owner, but we are unable to sustain the contention that a failure to demur and the filing of an answer of general denial constitutes a waiver.  The making of the demand is a

condition precedent to the commencing of the proceeding for the enforcement of the lien. It should be alleged in the plaintiff's complaint as having been made. The failure of the defendant to demur would not dispense with the necessity of proving the fact in order to enable the plaintiff to recover. But the facts which may be claimed to constitute the waiver must have existed prior to the filing of the suit, and we hold that the course of pleading adopted by the owners in this case does not necessarily show that if demand had been made upon them before the proceeding was taken into court they would not have made a settlement. Counsel are right in saying that the object of a demand is to enable the party to settle without suit, and it would seem to follow that the alleged waiver must have occurred before the commencement of the suit. A "waiver" is the intentional relinquishment of a known right (40 Cyc. 252) and there is nothing to show that either Rosenbledt or Harrison intended to relinquish the right to a demand before the action was instituted. And our statute provides that under an answer denying generally the truth of the facts alleged in the plaintiff's complaint the defendant may give in evidence as a defense to the action "any matter of law or fact whatever." R. L. 1915, Sec. 2369. We hold therefore, that the nonsuit was properly granted as to the parties against whose property the lien was sought to be enforced, and that the exceptions to this extent must be overruled.

The appellant contends that the circuit court erred in finding that the defendant Wong Wong was not indebted in any sum to the plaintiff at the time of the trial of the action, and in giving judgment in favor of that defendant notwithstanding his confession in open court. This contention is sustained. Whether, if the evidence on the trial of the case against the other defendants had tended to show that Wong Wong had paid all he owed the plaintiff,

the court would have been authorized in giving judgment in his favor in spite of his confession we need not stop to consider. The record shows that it was proven by uncontradicted evidence that the plaintiff advanced to Wong Wong the sum of $1950 in cash to pay for labor in the erection of the building in question and furnished materials of the value of $3106.61, and that the defendant paid on account the sum of $3015, leaving an unpaid balance of $2041.61, for which the plaintiff claims to be entitled to judgment. The finding of the trial court that the plaintiff had made "an application of all credits generally upon all charges generally and that prior to the trial of this action credits allowed by Lewers & Cooke, Ltd., to Wong Wong overbalanced all indebtedness of Wong Wong to Lewers & Cooke, Ltd., to and including the last charge for material furnished him on account of the building involved in this action," is not sustained by the evidence. Wong Wong's account on the plaintiff's books was kept as one continuous account, a balance being carried forward at the end of each month, but in every credit for a payment made the entry specified the particular bill in settlement or on account of which the payment was intended to be applied. An open continuous account is generally regarded as one debt for the unpaid balance, and general credits will ordinarily be applied against the earliest debits, but where a material-man keeps a continuous account with a contractor in which entries are made for material furnished and payments made in connection with certain specified jobs of the contractor a credit entry which designates a particular job is evidence of an intention on the part of the creditor to apply the payment to the bill for material furnished for that job, and though it may fall short of a legal application because the debtor was not notified of it, the court in making the application will follow that intent especially as it appears to be fair

and equitable.  The circuit court in arriving at the conclusion it did evidently took into consideration the fact that certain payments had been made by Wong Wong subsequent to the commencement of this action.  The evidence shows that those payments were intended to be applied in the manner above indicated.  The circumstances under which the credits on other bills of Wong Wong were entered by the plaintiff were not made clear by the evidence, but it appears by the record that the skating rink company had accepted the contractor's order in favor of the plaintiff for the amount of the contract price of its building and that the sum of $3015 had been paid to the plaintiff pursuant to the order.  Under these circumstances the court properly applied that sum against the bill for cash advanced and material supplied for the skating rink job, but not so as to such sums as were regarded as moneys paid in on account of bills for materials furnished for other jobs, particularly moneys paid in after the commencement of this action, as that would prejudice the just rights of other parties as well as of the plaintiff.  See generally, 30 Cyc. 1240, 1250; *Clow* v. *Goldstein*, 147 Ill. App. 571; *American Woolen Co.* v. *Maaget*, 86 Conn. 234, 248; *Nashville etc. Bank* v. *National Surety Co.*, 130 Fed. 401, 406; *Allen & Robinson* v. *Redward*, 10 Haw. 151 and 273.

The exceptions are overruled so far as they relate to the owners, and sustained so far as the decision and judgment in favor of the contractor is concerned, and the cause is remanded.

*A. L. Castle* (*Castle & Withington* on the brief) for plaintiff.

*E. C. Peters* for defendants Rosenbledt and Harrison.