LEWERS & COOKE, LIMITED. *v.* ARTHUR H. JONES, JULIETTE M. JONES AND D. F. TURIN.

No. 1221.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. C. S. FRANKLIN, JUDGE.

ARGUED NOVEMBER 7, 1919.          DECIDED NOVEMBER 19, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DEBOLT IN PLACE OF COKE, C. J., ABSENT.

MECHANICS' LIENS—*demand—when demand must be made.*
    *In an action to enforce a lien for materials furnished and used in the construction of a building it must appear that demand upon*

the owner for payment of the amount claimed under the lien was made after the lien attached and prior to the filing of suit.

SAME—*attaches when.*

> Under section 2864 R. L. the mechanic's lien does not attach until a notice thereof is filed and a copy of the notice is served upon the owner of the property.

### OPINION OF THE COURT BY KEMP, J.

This is a suit to enforce a materialman's lien against premises which at the inception of the building were owned by the defendant Arthur H. Jones but before the filing of the mechanic's lien were conveyed by the defendant Arthur H. Jones to the defendant Juliette M. Jones, his wife. Upon the trial thereof, the plaintiff having put in its case and rested, the defendants Arthur H. Jones and Juliette M. Jones moved for a nonsuit upon four grounds: (1) that no demand as required by law was made upon the defendants or any of them prior to the institution of this suit; (2) that no demand was made upon the defendants or any of them subsequent to the service of the notice of lien as required by law; (3) that this suit was filed prior to the service of notice of lien; (4) that fraud in the conveyance between the defendant Arthur H. Jones and the defendant Juliette M. Jones was not shown. The court overruled this motion as to grounds 1, 3 and 4 thereof but sustained the motion as to ground 2, namely, that no demand had been made upon the defendants subsequent to the service of notice of lien. The plaintiff brings exceptions.

The sole question presented is, Does the fact that the demand for payment was made prior to the service of the notice of lien defeat the action? Section 2863 R. L. 1915 provides that "Any person or association of persons furnishing labor or material to be used in the construction or repair of any building * * * shall have a lien

for the price agreed to be paid for such labor or material (if it shall not exceed the value thereof) upon such building * * * as well as upon the interest of the owner of such building * * * in the land upon which the same is situated." Section 2864 provides that "The lien provided for in section 2863 shall not attach unless a notice thereof shall be filed in writing in the office of the clerk of the circuit court where the property is situated and a copy of the notice be served upon the owner of the property."

The statutory provisions which we have quoted must be complied with in order to bring into existence a lien of the nature sought to be enforced in this suit. From the provisions of section 2864 it will be seen that the steps necessary to be taken in order to create the lien are two in number, as follows: (1) a notice of lien must be filed in the office of the clerk of the circuit court where the property is situated; (2) a copy of the notice of lien must be served upon the owner of the property. Until these two steps have been taken the lien does not exist. Section 2867 provides that "the liens hereby provided may after demand and refusal of the amount due, or upon neglect to pay the same upon demand, be enforced by proceedings in any court of competent jurisdiction by service of summons, as in other cases."

In this case the plaintiff's evidence shows that the notice of lien was filed on November 5, 1914, and that shortly thereafter on the same day a demand for payment in writing was made upon the defendants Arthur H. Jones and Juliette M. Jones; that the notice of lien was served upon said defendants some time during the afternoon of November 6, 1914, and the suit filed on the afternoon of the same day.

If the demand for payment of the amount due cannot be legally made until the lien has come into existence

it is clear that the demand made in this case was prematurely made and would not be in compliance with the statute.    In *Lewers & Cooke* v. *Wong Wong,* 24 Haw. 39, 43, Chief Justice Robertson, speaking for the court, said: "The making of the demand required by section 2867 lies between those conditions which must be met in order to give rise to the lien and the proceedings for its enforcement." In *Lewers & Cooke* v. *Fernandez,* 23 Haw. 744, 746, Mr. Justice Quarles, speaking for the court, said: "After the notice of lien is filed and copy thereof served upon the owner demand upon the owner for the amount claimed under the lien is a condition precedent to bringing suit for its enforcement, and the fact of making such demand must be alleged and proven." The plaintiff contends that the language just quoted from these decisions is mere dicta and in this contention it is probably correct but the statements are so aptly worded and so clearly express the construction which we place upon our statute that we have no hesitancy in approving them as a correct statement of the law. We are unable to see how it can be held that a demand for payment of the amount due under a lien made before any obligation rests upon the owner upon whom the demand is made, that is, before the lien comes into existence, is a compliance with the statute.

The plaintiff has cited and relies upon section 2866 R. L. 1915 for its contention that a lien of this nature is brought into existence by the filing of the notice of lien regardless of the service of a copy of the notice upon the owner of the property. Said section provides that "the lien herein provided shall have force only from the date of filing. It shall have priority in the order of filing over other liens of any nature and shall be subject to any prior recorded lien or judgment." In further support of this contention it has cited *Lucas* v.

*Redward,* 9 Haw. 23, 25. That case was dealing with the question of priority between a materialman's lien and a judgment and in the discussion of that question the court said: "A statute creating a mechanic's lien is in derogation of the common law and must be strictly construed and all the provisions of the statute must be strictly complied with. * * * It seems to us that the statute must be construed as giving the right of lien upon the performance of certain conditions, and that it is essential that they be complied with before the lien given shall have any affect. A man may have a right of attachment against his debtor but the right does not attach unless the writ be duly issued and served in accordance with law. If it was as contended the man who furnished the foundation of the building would always have the prior right even if he was the last to file notice because he was the first to furnish material. It seems clear to us that under our statute the lien does not attach, i. e., does not exist unless the notice is filed. The lien shall have force only from the date of filing; it is called into existence by the filing of the notice; before this it had no force or effect and was not binding upon any one." The last sentence quoted, if taken literally, would support plaintiff's contention that the lien comes into existence by the mere filing of the notice, but, as has been stated, the court was dealing with a question of priority between a materialman's lien and a judgment lien and was construing section 2866 as applicable to the facts before it. This case is strong authority for the proposition that the statute giving rise to the lien must be strictly complied with before the lien given shall have any effect. As we have heretofore pointed out section 2864 contains the provisions which give rise to the lien, while section 2866 is dealing with another subject, namely, priority of liens, and has no

bearing upon the question of when the lien comes into existence.

We think the exception should be overruled and it is so ordered.

*L. J. Warren* (*Smith, Warren & Whitney* on the brief) for plaintiff.

*M. F. Prosser* and *U. E. Wild* (*Frear, Prosser, Anderson & Marx* on the brief) for *Arthur H. Jones* and *Juliette M. Jones.*