## Z. MONJI AND K. UMEDA, A COPARTNERSHIP, *v.* SANKO CONTRACTING COMPANY, LIMITED, AN HAWAIIAN CORPORATION, AND JODO MISSION OF HAWAII, AN HAWAIIAN ELEEMOSYNARY CORPORATION.

No. 2094.

Argued October 4, 1933.    Decided October 18, 1933.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a suit brought under the statutes for the recovery of a judgment against a contractor to whom the plaintiffs had furnished certain materials, labor and supplies which were used in the construction of a Japanese temple owned by Jodo Mission of Hawaii, an eleemosynary corporation, and to have the judgment declared a lien on the property described in the petition. The liability of the contractor in the sum of $4,900.71 was admitted. The right of the plaintiffs to a lien, however, was denied. The circuit judge decided this issue in favor of the Jodo mission, holding that the plaintiffs were not entitled to a lien, and the case is here on writ of error.

It is admitted that all the statutory prerequisites to the establishment of a lien were complied with by the plaintiffs except one, that one being the demand for payment required by section 2895, R. L. 1925, to be made upon the owner of the property prior to the commencement of the suit. The essential portion of this section is as follows: "The liens hereby provided may after demand and refusal of the amount due, or upon neglect to pay the same upon demand, be enforced by proceedings in any court of competent jurisdiction, by service of summons, as in other cases. The summons shall set forth the ordinary allegations in assumpsit, and, in addition thereto, note that a lien has been filed." It was decided in *Lewers & Cooke* v. *Fernandez,* 23 Haw. 744, that the demand referred to must be made upon the owner and that such demand was a condition precedent to the enforcement of the lien.

It appears from the record that on September 2, 1932, the plaintiffs filed in the office of the circuit court a

petition similar to that filed in the instant suit. Summons was duly issued and, together with a copy of the petition, was served on the Jodo mission on the date above mentioned. On the following day, that is, on September 3, this suit was dismissed by the plaintiffs and the instant suit was commenced.

It is contended by the plaintiffs that the filing of the petition in the first suit and the service thereafter made upon the Jodo mission constituted a demand for payment and therefore the requirements of the statute were complied with. The fate of this contention, we think, depends, not on the mere filing and service of the petition, but on whether its allegations are sufficient to constitute a demand for payment. If they are enough for this purpose they are as effective as a demand made by letter or by any other means contemplated by the statute. If they are not enough their insufficiency is not cured by the fact that they were incorporated in the plaintiffs' pleading. To hold otherwise would be to say that a demand upon the owner for payment prior to the commencement of the action for the enforcement of the lien was not necessary and need not be proven. In *Lewers & Cooke* v. *Fernandez, supra,* however, such demand was held indispensable. See also *Lewers & Cooke* v. *Wong Wong,* 24 Haw. 39; *Lewers & Cooke* v. *Jones,* 25 Haw. 214.

The substance of the first petition is that the defendants had entered into a contract for the construction of a building; that the plaintiffs furnished labor, materials and supplies to Sanko Contracting Company; that the labor, materials and supplies were incorporated in the building; that demand had been made upon the Sanko Contracting Company, which company had failed, neglected and refused to pay the sum due; that the building had been completed, and that plaintiffs had filed with the clerk of the circuit court their notice of materialman's lien.

There is nothing in these allegations that can reasonably be construed as a demand upon the Jodo mission for payment of the amount which the plaintiffs claimed was due them from the contractor. In fact, they are no more a demand than were the statements contained in the notice of lien which had already been given.

The material portions of the notice of lien are that the Jodo mission and the Sanko Contracting Company entered into a contract whereby the latter was to furnish labor, materials and supplies; that at the request of the Sanko Contracting Company the plaintiffs furnished labor, materials and supplies which were incorporated in the building; that the sum due and unpaid for such labor, materials and supplies was $5,149.71; that the Jodo mission is the owner of the building, and that under chapter 168, R. L. 1925, as amended, the plaintiffs claim a lien on the property described in the notice.

If the notice of lien had been considered a sufficient demand there would have been no necessity for the enactment of section 2895, which requires a demand. That both a notice of lien and a demand are essential to the establishment and enforcement of a lien is clearly decided in the cases *supra*.

Plaintiffs' sole reliance of proof of demand is the filing and service of the petition above referred to and that, as we think, being insufficient the decision and judgment of the court below are affirmed.

*C. M. Hite* (*Ulrich & Hite* on the briefs) for plaintiffs in error.

*J. G. Anthony* and *S. B. Kemp* (*Kemp & Stainback* and *Robertson & Castle* on the brief) for defendant in error.